## No. 80SA161

**IN RE: Question Concerning State Judicial Review of Parole Denial Certified by the United States Court of Appeals for the Tenth Circuit**

(610 P.2d 1340)

Decided May 12, 1980.

*En Banc.*

Per Curiam

In accordance with C.A.R. 21.1, the following question of law was certified to this court by the United States Court of Appeals for the Tenth Circuit:
"Under the law of Colorado is there an effective available procedure by which a person confined in a Colorado correctional facility can seek state judicial review of the denial of parole by the Colorado State Board of Parole? *See* 28 U.S.C. §2254(b) and (c)."

This court has agreed to respond to this question and notice thereof has been given to all parties concerned. Because most of the parties concerned appear pro se, briefs and oral argument have been dispensed with. *See* C.A.R. 21.1 (f).

The question arises from four separate habeas corpus proceedings in the United States District Court for Colorado, wherein the petitioners have challenged the constitutionality of the denial of parole by the Colorado State Board of Parole (Board). Different judges heard the cases and reached conflicting determinations as to whether the petitions should be dismissed for the failure to exhaust state remedies.

A simple "yes" or "no" answer to this question cannot be given because the power of judicial review varies substantially based upon the nature of the claim made against the Board. *Cf. People v. Malacara,* 199 Colo. 243, 606 P.2d 1300 (1980) (Judicial review of a denial of a Crim. P. 35(a) motion is dependent upon the nature of the claim of error in the trial court.).

The Board is an arm of the executive branch of government. *See* C.R.S. 1963, 39-18-1(6),.; C.R.S. '53, 39-17-3(6). *See also* 67A C.J.S. *Pardon and Parole* §41. Judicial review of decisions by other branches of government is restricted by the separation of powers doctrine set out in *Colo. Const.* Art. III. *See Colorado Land Use Commission v. Board of County Commissioners,* 199 Colo. 338, 604 P.2d 32 (1979). Any judicial review is also limited to that which is provided by the constitution or laws of this state. *See generally Bill Dreiling Motor Co. v. Court of Appeals,* 171 Colo. 448, 468 P.2d 37 (1970).

District courts are constitutional courts of general jurisdiction. *Colo. Const.* Art. VI, Sec. 9. Courts of general jurisdiction may issue

common law writs, including those in the nature of mandamus to inferior tribunals, boards, agencies, and officers of the state.

Pursuant to its rulemaking power under *Colo. Const.* Art. VI, Sec. 21, this court has set forth the procedures for the issuance of common law writs in the district courts. C.R.C.P. 106(a)(2) provides for relief in the district court

"[w]here the relief sought is to compel an inferior tribunal, corporation, board, officer or person to perform an act which the law specifically enjoins as a duty resulting from an office, trust or station . . . ."

Since this power of review has not been modified by statute with respect to judicial review of Board actions,[1] a person denied parole can seek judicial review only as provided by C.R.C.P. 106(a)(2). This type of judicial review permits the district court to direct the Board *"to proceed and exercise"* its discretion, but not to "direct *how* discretion is to be exercised." *Lamm v. Barber,* 192 Colo. 511, 565 P.2d 538 (1977).

The decision of the Board to grant or deny parole is clearly discretionary since parole is "a privilege, and no prisoner is entitled to it as a matter of right." *Silva v. People,* 158 Colo. 326, 407 P.2d 38 (1965). Thus, the decision of the Board to grant or deny is not subject to judicial review. Nevertheless, section 17-2-201 creates certain statutory duties which the Board must perform in making its decision: *e.g.,* the duty to interview the inmate under subsection (9)(a). It is only when the Board has failed to exercise its statutory duties that the courts of Colorado have the power to review the Board's actions. *Cf. Sharp v. Tinsley,* 147 Colo. 84, 362 P.2d 859 (1961) (judicial review by writ of habeas corpus of the Board's order for prisoner to resume serving his original minimum sentence after the governor had already commuted his minimum sentence to a lesser amount); *Snyder v. U.S. Board of Parole,* 383 F. Supp. 1153 (D. Colo. 1974) (judicial review by writ of mandamus under 28 U.S.C. §1361 (1970) applied to parole board actions under the Youth Corrections Act, 18 U.S.C. §5005 *et seq.* (1970)).

Due to the limited record which has been supplied to this court regarding the four cases which gave rise to this question of state judicial review, it is difficult for this court to give a definitive answer to the question as it applies to each of the petitioners for habeas corpus in the United States District Court. However, it does appear that each of the petitioners

---

[1] The actions which are addressed here deal only with the granting or denial of parole. There are also hearings for the revocation of parole. These hearings are subject to judicial review pursuant to sections 17-2-201(3)(e) and 18-1-410(1)(h), C.R.S. 1973 (1978 Repl. Vol. 8). Both *Folks v. Patterson,* 159 Colo. 403, 412 P.2d 214 (1966) and *Berry v. State Board of Parole,* 148 Colo. 547, 367 P.2d 338 (1962) indicate that there is no judicial review of parole revocation hearings "be it through the medium of certiorari, habeas corpus or mandamus." To the extent that these opinions are contrary to sections 17-2-201(3)(e) and 18-1-410(1)(h) and our holdings here, they are overruled.

was given an interview by the Board in compliance with statutory requirements. If the statutory duties of the Board have been performed by it as to each petitioner, then it would appear that their claims are that the Board abused its discretion in denying their applications for parole. There would be no judicial review of such denials in state courts of Colorado.

JUSTICE ROVIRA does not participate.