**Douglas KINNEY, Plaintiff-Appellee,**

v.

**Sergeant Mel YOUNG, Aurora Police Department, Defendant-Appellant.**

**No. 84SA149.**

Supreme Court of Colorado, En Banc.

Oct. 22, 1984.

DUBOFSKY, Justice.

The City of Aurora appeals from a judgment granting Douglas Kinney's petition for a writ of habeas corpus under section 13–45–101(1), 6 C.R.S. (1973).[1] The Arapahoe County District Court determined that the Aurora City Jail is not a "common jail" as that phrase is used in section 13–45–111, 6 C.R.S. (1983 Supp.), which governs the removal and transfer of prisoners, and therefore county jail prisoners such as Kinney could not be incarcerated there. We hold that the city jail is a common jail, and therefore vacate the judgment of the district court granting the petition.

On July 1, 1983, Douglas Kinney pled guilty in the Aurora Municipal Court to the charge of harassment. He was sentenced to 120 days in Arapahoe County Jail, commencing on July 14, 1983.

The Arapahoe County Jail was subject to a district court order limiting jail population during the period of Kinney's incarceration. The order provided, among other things, that:

> In the event the population of the Arapahoe County Jail rises over the previously set limits, the Arapahoe County Jail shall attempt to place prisoners in other appropriate facilities. In the event the jail is unable to do so, the following steps shall be taken ...

> [Prisoners serving weekend sentences shall be released first.]

> In the event that the release of weekend sentences [sic] does not alleviate the problem, prisoners will be released in the following manner: Municipal prisoners shall be released first, ...

On August 18, 1983, Detective Dennis Jarvis of the Aurora Police Department learned that municipal prisoners held in Arapahoe County Jail might be released the following day to alleviate overcrowding. Detective Jarvis knew of Kinney's criminal history, which at that time includ-

No appearance for plaintiff-appellee.

Claybourne M. Douglas, Asst. City Atty., Aurora, for defendant-appellant.

1. Section 13–45–101(1), 6 C.R.S. (1973) provides in part:
   If any person is committed or detained for any criminal or supposed criminal matter, it
is lawful for him to apply to the supreme or district courts for a writ of habeas corpus.

ed a conviction for assault, other harassment charges, and a federal felony charge for theft of a federal income tax refund check from the victim of the harassment. Furthermore, about two weeks earlier Detective Jarvis had been told by Kinney's lawyer that if Kinney was released he might murder the harassment victim and then kill himself. Detective Jarvis did not have any similar knowledge of the criminal history of the other municipal prisoners due to be released the next day, but he was concerned that Kinney might be released after serving only a small portion of his sentence.

Detective Jarvis arranged to have Kinney released to the custody of Aurora municipal officials and transferred to the Aurora City Jail on August 19, 1983. Later that day, the nine other municipal prisoners held in Arapahoe County Jail were released under the court order. On August 22, 1983, Kinney filed a petition for writ of habeas corpus in the district court. The court issued an order for writ of habeas corpus, and Kinney was returned to the Arapahoe County Jail.

On August 25, 1983, the district court held a hearing on Kinney's habeas corpus petition. After extensive testimony by Detective Jarvis and the supervisors of both jails, the district court found that Kinney was transferred in violation of section 13–45–111, because the Aurora Municipal Jail is not a "common jail" under that statute. The court further found no legal basis for Kinney's transfer. The court therefore made the writ absolute, and Kinney was released from custody. The city appealed.[2]

Section 13–45–111 governs the transfer or removal of prisoners to a prison or custody other than the prison or custody to which they are originally sentenced. The statute provides, in pertinent part:

Any person committed to any prison or in the custody of any officer, sheriff, jailer, keeper, or other person, or his underofficer or deputy, for any criminal or suppos-

ed criminal matter shall not be removed from the prison or custody into any other prison or custody, unless it is by habeas corpus or some other legal writ; or where the prisoner is delivered to some common jail; or is removed from one place to another within the county, in order to effect his discharge or trial in due course of law; or in case of sudden fire, infection, or other necessity; or where the sheriff commits such prisoner to the jail of an adjoining county for the want of a sufficient jail in his own county, as provided in section 17–26–119, C.R.S.; or where the prisoner, in pursuance of a law of the United States, is claimed or demanded by the executive of the United States or territories.

In his petition for writ of habeas corpus, Kinney claimed that none of the statutory exceptions to the general prohibition against transfer of custody were present when he was transferred from Arapahoe County Jail to the Aurora City Jail. The district court agreed with Kinney. The court found, under the circumstances of this case, that the Arapahoe County Jail is the "common jail" referred to in section 13–45–111, and that the transfer was without legal basis. This finding implies that the Aurora City Jail is not a "common jail" to which Kinney could be transferred. We disagree.

■ There is no statutory definition of "common jail" in Colorado, and no definition has been adopted or applied by Colorado courts. Therefore, in interpreting the statute, "common jail" should be given its ordinary meaning. § 2–4–101, 1B C.R.S. (1980); *People v. Owens*, 670 P.2d 1233 (Colo.1983); *Harding v. Industrial Commission*, 183 Colo. 52, 59, 515 P.2d 95 (1973). "Common" is defined by *Webster's Third International Dictionary* 458 (1961), as, "... of, relating to, or typical of the majority or to the many rather than the few ...." The definition of "jail," again according to *Webster's* at 1208, is "a build-

---

**2.** The city filed its appeal in the Colorado Court of Appeals, and the case was transferred to this court because, under section 13–4–110(1)(a), 6 C.R.S. (1973), the Court of Appeals does not have jurisdiction to consider a petition for review of the granting of a writ of habeas corpus.

ing for the confinement of persons held in lawful custody (as for minor offenses ...)."

■ Combining these definitions, it is clear that the usage of the phrase "common jail" was to distinguish the numerous municipal and county jails in Colorado from the state-operated correctional institutions. This distinction is consistent with what we perceive to be the legislative intent of protecting prisoners from the possibility of being transferred to a state correctional institution when they were originally sentenced to a city or county jail. The district court's definition, which implicitly designates only county jails as common jails, does not reflect any considerations of legislative policy or intent, and lacks foundation in Colorado law. Furthermore, we are not aware of any other jurisdiction that has reached a similar conclusion. Therefore, we hold that the Aurora City Jail is a "common jail" under section 13–45–111.

■ There was, moreover, ample legal basis for the transfer to this facility. Section 13–45–111 permits transfer pursuant to a "legal writ." The district court's order [3] requiring transfer to "appropriate facilities" to alleviate overcrowding was just such a writ, whatever its formal designation. *See* C.R.C.P. 106(a) (abolishing forms of writs). Transferring Kinney under this order was entirely within the discretion of jail authorities, even though other prisoners may have been released. Absent constitutional or statutory violations, transfers are within the discretion of jail or prison authorities. *Lono v. Fenton*, 581 F.2d 645 (7th Cir.1978). Prison transfers do not implicate a liberty interest protected by the due process clause. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). Because a fundamental interest is thus not implicated, transfers do not violate equal protection so long as they bear a rational relationship to a legitimate state purpose. *See People v. Turman*, 659 P.2d 1368, 1372 (Colo.1983); *Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir. 1978), *cert. denied* 439 U.S. 1121, 99 S.Ct.

1033, 59 L.Ed.2d 82 (1979). Here, Kinney's continued dangerousness supplies a rational basis for his transfer and continued confinement. Finally, no Colorado statute other than section 13–45–111 limits the discretion of prison officials to transfer prisoners. We perceive no legal defect in the transfer here.

The trial court order granting Kinney's petition for a writ of habeas corpus is vacated, and the case is remanded to the district court.

---

**3.** The record does not reveal the source of the district court's order.