**Michael N. MILLIGAN, Petitioner–Appellant,**

v.

**COLORADO DEPARTMENT OF CORRECTIONS, Respondent–Appellee.**

No. 86CA0740.

Colorado Court of Appeals, Div. II.

Jan. 28, 1988.

**76**

Michael N. Milligan, Pro Se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Terrence A. Gillespie, Asst. Atty. Gen., Denver, for respondent-appellee.

BABCOCK, Judge.

Petitioner, Michael N. Milligan, an inmate in the custody of respondent, the Colorado Department of Institutions, appeals the judgment of the trial court dismissing his C.R.C.P. 106(a)(2) petition for relief in the nature of mandamus and prohibition. He alleges that his continued medium se-curity classification violates his rights under the due process and equal protection provisions of the Fourteenth Amendment. We conclude that the trial court did not err in dismissing the action because defendant has failed to state a claim upon which relief may be granted. *See Gramiger v. Crowley,* 660 P.2d 1279 (Colo.1983); *McDonald v. Lakewood County Club,* 170 Colo. 355, 461 P.2d 437 (1969).

■ Where, as here, inmate classification decisions are within the discretion of Department of Corrections officials, *see* Department of Corrections Regulation No. 202–1, defendant's particular classification implicates no liberty interest protected by the Fourteenth Amendment due process clause. *Milligan v. McGoff* (Dist.Colo. No. 86–2–1131, February 27, 1987). *See Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Kinney v. Young,* 689 P.2d 614 (Colo.1984).

■ Further, because a fundamental interest is not implicated, classification decisions do not violate equal protection so long as they bear a rational relationship to a legitimate state purpose. *See Milligan v. McGoff, supra; Kinney v. Young, supra.* Here, the 80–year length of defendant's sentence following his convictions of first degree sexual assault, second degree burglary, and forgery, the seriousness of these crimes, and his refusal to participate in recommended mental health treatment are rationally related to the state's interest in maintaining internal prison security and offender rehabilitation. *See Milligan v. McGoff, supra; Kinney v. Young, supra.*

Judgment affirmed.

SMITH and PLANK, JJ., concur.