**Bret KLEIN, Plaintiff,**

v.

**Ernie PYLE, Frank Gunter, Rick Soares and James Marriott, Jr., Defendants.**

**Civ. A. No. 91–B–22.**

United States District Court, D. Colorado.

June 28, 1991.

Bret Klein, Limon, Colo., for plaintiff.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiff Bret Klein (Klein) objects to the Chief Magistrate Judge's recommendation that Klein's 42 U.S.C. § 1983 action be dismissed for failure to state a claim on which relief can be granted. After de novo review, I accept the recommendation in part, reject it in part, and refer the case back to the Chief Magistrate Judge for further proceedings.

Klein is a pro se prisoner. In his amended complaint Klein alleges that his due process and equal protection rights were violated when, without a hearing, he was: (1) given a less favorable prison security classification (the reclassification); (2) transferred from a medium security facility to a maximum security facility; and (3) placed in the segregation unit of the medium security facility. In addition, Klein alleges that his right to privacy was violated when he was forced to shower in an open shower stall while being observed by female prison officials.

Because Klein pursues his claims pro se, I construe his complaint liberally. *Ruark v. Solano*, 928 F.2d 947, 949 (10th Cir. 1991). The complaint should not be dismissed unless, accepting Klein's allegations as true, it appears beyond doubt that he can prove no set of facts to support the claim for relief. *Id.* However, conclusory allegations of constitutional deprivation do not suffice. Rather, Klein must allege specific facts showing a constitutional deprivation. *See Frazier v. Dubois*, 922 F.2d 560, 562 n. 2 (10th Cir.1990); *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir.1986).

## I. THE DUE PROCESS CLAIMS

### A. The Reclassification and Transfer

■ The initial inquiry is whether the reclassification or transfer implicated a "liberty" interest within the meaning of the due process clause. *Meachum v. Fano*, 427 U.S. 215, 223–24, 96 S.Ct. 2532, 2537–38, 49 L.Ed.2d 451 (1976). Absent a state-created liberty interest, neither a change in a prisoner's security classification, nor a prisoner's transfer from one prison to another implicates a liberty interest within the meaning of the due process clause. *Moody v. Daggett*, 429 U.S. 78, 87 n. 9, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976) (classification); *Meachum*, 427 U.S. at 223–24, 96 S.Ct. at 2537–38 (transfer).

"[A] state creates a protected liberty interest by placing substantive limitations on official discretion." *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983). A state may do this in a number of ways. However, the most common is by (1) establishing "substantive predicates" to govern official decisionmaking then (2) mandating the outcome to be reached upon a finding that the relevant criteria have been met. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 462, 109 S.Ct. 1904, 1909, 104 L.Ed.2d 506 (1989). As to the second criterion, the Supreme Court has "articulated a requirement ... that the regulations contain 'explicitly mandatory language,' i.e., specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow, in order to create a liberty interest." *Id.* at 463.

### 1. The Reclassification

■ Colorado law does not mandate that a prisoner receive a particular classification. Rather, "inmate classification decisions are within the discretion of Department of Corrections officials...." *Milligan v. Colorado Dep't of Corrections*, 751 P.2d 75, 76 (Colo.App.1988); *see Andretti v. Johnson*, 779 P.2d 382, 384 (Colo.1989) (Colorado law does not create liberty interest in inmate's classification level). Accordingly, Klein's reclassification implicat-

ed no liberty interest within the meaning of the due process clause.

Klein relies heavily on Colorado Department of Corrections (DOC) Regulation No. 202–1. However, this is the regulation cited by the Colorado Court of Appeals in *Milligan* for the proposition that classification decisions are discretionary. *Id.* I am bound by the state court's construction of its own laws and regulations. *See Olim,* 461 U.S. at 250 n. 10, 103 S.Ct. at 1748 n. 10.

■ Klein complains that his case manager was not consulted in this decision as is allegedly required under Regulation No. 202–1. That this regulation allegedly provides Klein with certain procedural rights does not change the conclusion that it does not provide Klein with any liberty interest. A prison regulation that provides an inmate with certain procedural guarantees concerning a transfer or reclassification does not create a liberty interest. *Olim,* 461 U.S. at 250, 103 S.Ct. at 1748 (prison regulation requiring a hearing before transfer does not create liberty interest).

Klein also relies on Colo.Rev.Stat. § 17–40–102(2). This section reads:

The primary function and purpose of the [Colorado diagnostic] program shall be to provide a diagnostic examination and evaluation of all offenders sentenced by the courts of this state, so that each such offender may be assigned to a correctional institution which has the type of security and, to the extent possible, appropriate programs to accomplish maximum rehabilitation of such offender and to prepare an offender for placement into as productive an employment as possible following imprisonment.

The Colorado courts have determined that under Colorado law, the decision of how to classify inmates is discretionary. That determination is controlling. Moreover, section 17–40–102(2) does not mandate that a particular classification be given. Accordingly, it confers no liberty interest.

Klein's reliance on *Ramos v. Lamm,* 485 F.Supp. 122, 160 (D.Colo.1979), *aff'd in part, vacated in pertinent part,* 639 F.2d 559 (10th Cir.1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981), and *Marioneaux v. Colorado State Penitentiary,* 465 F.Supp. 1245, 1248 (D.Colo. 1979) is unavailing. First, in *Ramos,* the Tenth Circuit, without addressing whether Colorado law created a liberty interest in classification decisions, vacated the district court's order on classification. *Ramos,* 639 F.2d at 566–67, 586. Second, it is unclear whether the regulations now in effect are the same as those in effect when *Ramos* and *Marioneaux* were decided. Finally, both *Ramos* and *Marioneaux* were decided before the Colorado state courts had concluded that, as a matter of state law, classification decisions are discretionary.

I conclude that Klein's reclassification implicated no liberty interest within the meaning of the due process clause. Accordingly, the due process reclassification claim must be dismissed for failure to state a claim on which relief can be granted.

### 2. The Transfer

■ Colorado statutes create no liberty interest in a prisoner's transfer. "[N]o Colorado statute other than [Colo.Rev. Stat.] section 13–45–111 limits the discretion of prison officials to transfer prisoners." *Kinney v. Young,* 689 P.2d 614, 617 (Colo.1984). However, section 13–45–111 does not confer a liberty interest. This section merely "permits transfer pursuant to a 'legal writ.'" *Id.* It does not mandate that a transfer be made. Accordingly, it confers no liberty interest in a prisoner's transfer.

Likewise DOC regulations confer no liberty interest in a prisoner's transfer. The regulation governing transfer provides that "[t]he fact that an inmate is assigned a particular custody designation does *not* grant him the right to be assigned to, or remain at, a particular facility." DOC Regulation No. 202–1(IV)(M)(1) (emphasis in original). The regulation governing transfer to a maximum security facility, DOC Regulation No. 202(IV)(M)(1)(e), reads:

[Maximum Security] Facility Assignment: An inmate is eligible for assign-

ment to a [maximum security] facility if any of the following criteria are met:

(1) Current custody level is administrative segregation, maximum, or below;

(2) Protective custody needs cannot be appropriately met at another facility; and/or

(3) Active death penalty sentence(s).

This regulation does provide "substantive predicates" to guide the decisionmaker. However, it lacks "the requisite relevant mandatory language." *Thompson,* 490 U.S. at 464, 109 S.Ct. at 1910. If any of the relevant criteria are met, the regulation does not mandate the outcome to be reached. Rather, it merely *allows* for transfer to a maximum security facility. Moreover, the regulation explicitly states that an inmate does not have the right to remain at a particular facility. Accordingly, DOC regulations create no liberty interest in a prisoner's transfer. Because the decision to transfer Klein implicated no liberty interest within the meaning of the due process clause, the due process transfer claim must be dismissed.

### B. The Segregation

■ "If the segregation is non-punitive in nature and is done for administrative or supervisory reasons, the inmate has no due process rights to administrative confinement unless prison regulations provide him with a liberty interest." *Frazier,* 922 F.2d at 563 (citing *Hewitt v. Helms,* 459 U.S. 460, 476, 103 S.Ct. 864, 873, 74 L.Ed.2d 675 (1983)). In *Frazier,* the plaintiff claimed that he was placed in segregation by prison officials. The Tenth Circuit held that it was improper to dismiss the complaint before the defendants had answered because "[t]he record is inadequate as to the nature of [plaintiff]'s confinement, the prison regulations (if any) governing such confinement, the procedures accorded to [plaintiff], and the extent to which he has exhausted his administrative remedies." *Frazier,* 922 F.2d at 563.

As in *Frazier,* the record before me is inadequate as to the nature of Klein's confinement. While the segregation was deemed "administrative," Klein alleges that his segregation served no valid administrative purpose. Because the record does not disclose whether Klein was placed in segregation for administrative or supervisory reasons, summary dismissal is inappropriate and the defendants should be required to respond. This response should also address Klein's contention that the DOC Regulation No. 202–2 creates a liberty interest in decisions to segregate.

### II.  THE EQUAL PROTECTION CLAIMS

■ The Chief Magistrate Judge recommended that Klein's equal protection claims were conclusory and should be dismissed. Klein has since filed an amended complaint. I conclude that the amended complaint contains factual allegations that support his equal protection claims.

Klein alleges that (1) his case manager told him that several inmates with similar sentences were housed at the medium security prison; (2) under DOC Regulation No. 202–2 inmates receive a notice of segregation and a hearing but he received neither; and (3) under DOC Regulation No. 202–1, inmates and their case managers are allowed to participate in the reclassification process but he and his case manager were not allowed to participate. Liberally construed these allegations suggest that Klein "was purposefully singled out for harsher treatment than that accorded to similarly situated prisoners." *Brandon v. District of Columbia Bd. of Parole,* 734 F.2d 56, 60 (D.C.Cir.1984), *cert. denied,* 469 U.S. 1127, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985). Thus, dismissal of the equal protection claim at this time is inappropriate. *See id.; Durso v. Rowe,* 579 F.2d 1365, 1372 (7th Cir.1978), *cert. denied,* 439 U.S. 1121, 99 S.Ct. 1033, 59 L.Ed.2d 82 (1979).

### III.  THE PRIVACY CLAIM

■ An inmate's limited right to privacy may be violated where prison officials regularly watch inmates of the opposite sex shower. *Cumbey v. Meachum,* 684 F.2d 712, 714 (10th Cir.1982).

The Chief Magistrate Judge recommended that this claim be dismissed be-

cause Klein failed to assert the frequency of his exposure to members of the opposite sex. Klein has since filed an amended complaint which adequately alleges frequency of exposure. Thus, I conclude that the defendants should be required to respond to Klein's privacy claim.

Accordingly, it is ORDERED that:

(1) the Chief Magistrate Judge's recommendation that the complaint be dismissed is ACCEPTED as to Klein's due process reclassification claim and due process transfer claim and those claims are DISMISSED;

(2) the Chief Magistrate Judge's recommendation is REJECTED as to all other claims and those claims remain intact;

(3) the clerk of this court shall make service of process;

(4) this case is referred back the Chief Magistrate Judge for further proceedings under 28 U.S.C. § 636(b)(1)(A) & (B).