956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Arthur Delane WYSS, Plaintiff-Appellant,
v.
Tim HAND, Defendant-Appellee.
 No. 91-1341.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Arthur Delane Wyss, an inmate at the Freemont Correctional Facility, appeals from a dismissal pursuant to Fed.R.Civ.P. 12(b) of his 42 U.S.C. § 1983 action against parole officer Tim Hand.
 
 
 3
 Mr. Wyss was sentenced to the custody of the Colorado Department of Corrections (hereinafter "DOC") after pleading guilty to criminal impersonation. After serving a portion of his sentence in prison, and while still serving his sentence with the DOC, Mr. Wyss was placed in the Boulder Treatment Center, a community placement facility. About one month after this move, Mr. Wyss was transferred from the Boulder Treatment Center to Boulder County Jail and then to the Fremont Correctional Facility, a medium security prison. The transfer was initiated by Mr. Hand because he was informed by the Federal Bureau of Investigation that there was an investigation pending against Wyss.
 
 
 4
 Mr. Wyss brought this action against Hand, alleging that Hand violated Wyss' due process rights by "participating in" his reclassification from a community placement facility to a medium security prison. Wyss asserts a due process right to a hearing prior to reclassification from community placement.
 
 
 5
 The United States Supreme Court has held that the Constitution does not require hearings when a prisoner is transferred to more restrictive confinement unless there is some right or justifiable expectation rooted in state law that he will not be transferred except for misbehavior. Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215, 226 (1976); Twyman v. Crisp, 584 F.2d 352 (10th Cir.1978). Colorado law creates no such justifiable expectation either in its statutes or its case law.
 
 
 6
 The applicable Colorado statute states that
 
 
 7
 Where the administrator of a community correctional facility or any other appropriate supervising authority has cause to believe that an offender placed in a community correctional facility has violated any rule or condition of his placement ... or cannot be safely housed in that facility, the administrator or other authority shall certify to the appropriate judicial or executive authority the facts that are the basis for his belief and execute a transfer order to ... transport the offender to the county jail ... where he shall be confined pending a determination by the appropriate court or executive authorities as to whether or not the offender shall remain in community corrections...."
 
 
 8
 Colo.Rev.Stat. § 17-27-114(1) (1986 & Supp.1991) (emphasis added).
 
 
 9
 In a case where a prisoner was contesting his rejection without a hearing by a community placement facility, the Colorado Supreme Court held that a prisoner could have no justifiable expectation of a hearing because "the Department of Corrections rules provide for a discretionary, not a mandatory hearing for a transitional offender who is rejected [by a community placement facility] for committing [an] alleged offense." People v. Wilhite, 817 P.2d 1017, 1022. The Colorado courts have held that "Colorado law does not create an expectation of liberty in any particular DOC security level classification." Andretti v. Johnson, 779 P.2d 382, 384 (Colo.1989). E.g., Kinney v. Young, 689 P.2d 614, 617 (Colo.1984); Milligan v. Colo. Dept. of Corrections, 751 P.2d 75, 76 (Colo.App.1988).
 
 
 10
 In this case, Hand had been informed that Mr. Wyss was under investigation by the F.B.I., and was concerned that Wyss might flee the jurisdiction if not transferred from the community placement facility. Thus, this reassignment was not punitive in nature but rather administrative. Mr. Wyss' due process claim is without merit.
 
 
 11
 Because of our disposition of the due process claim, it is not necessary to address the issue of qualified immunity. Accordingly, for the reasons stated, we AFFIRM the district court's dismissal of the complaint. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3