Larry Wayne WHITE, Petitioner,

v.

The PEOPLE of the State of Colorado;
John R. Enright, Chairman, Colorado
State Parole Board, Respondents.

No. 92SA425.

Supreme Court of Colorado,
En Banc.

Jan. 10, 1994.

Larry Wayne White, pro se.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Farley, Deputy Atty. Gen., John August Lizza, First Asst. Atty. Gen., Paul S. Sanzo, Sr. Asst. Atty. Gen., Denver, for respondents.

Justice ERICKSON delivered the Opinion of the Court.

The petitioner, Larry Wayne White (White), appeals from the district court's order denying his pro se petition for a writ of habeas corpus. In his petition, White alleges that the Colorado State Parole Board (Parole Board) erred in denying his application for re-parole and violated his constitutional rights by requiring him to participate in a sex offender treatment program (SOTP). The district court held that White did not allege that he was illegally detained and denied the petition without holding an evidentiary hearing. We affirm.

## I

White entered a plea of guilty to rape on September 24, 1975, and was sentenced to an indeterminate sentence of commitment—from a minimum of one day to a maximum of life imprisonment—pursuant to the Colorado Sex Offenders Act. § 16–13–203, 8A C.R.S. (1986). In September, 1985, White was paroled. Subsequently, his parole was revoked because he committed a new offense.[1] White made several applications for re-parole which the Parole Board denied. The Parole Board concluded that White needs to serve more time in prison, that he remains a public risk, and that he needs to participate in a SOTP. On August 12, 1992, White filed a pro se petition for a writ of habeas corpus that challenged the Parole Board's denial of his application for re-parole as well as the Parole Board's requirement that he participate in a SOTP. White's petition for habeas corpus did not allege that he was illegally detained and the district court denied the petition without a hearing. The district court held that the Parole Board has the authority to

1. White filed a pro se petition for writ of habeas corpus which challenged the revocation of parole. The district court denied White's petition without an evidentiary hearing. We reversed the district court's decision and remanded with directions to hold an evidentiary hearing. *White v. District Court,* 766 P.2d 632, 637 (Colo.1988). The district court held a hearing on February 24, 1989, and denied White's petition. The Colorado Court of Appeals affirmed the district court's ruling in an unpublished decision. *People v. White,* 804 P.2d 247 (Colo.App.1990).

On September 2, 1992, the United States District Court for the District of Colorado denied a petition for habeas corpus that contested the parole revocation. *White v. McKinna,* No. 91–Z–650 (D.Colo. September 2, 1992). White has appealed the ruling to the United States Court of Appeals for the Tenth Circuit where the matter is pending.

require White to participate in a SOTP as a condition of any grant of re-parole.

## II

■ A writ of habeas corpus is a proper remedy to determine whether a defendant is being unconstitutionally denied the opportunity to be considered for parole. *Naranjo v. Johnson*, 770 P.2d 784 (Colo.1989). The Habeas Corpus Act states that a petition for habeas corpus should be dismissed if it is insufficient on its face. § 13–45–101, 6A C.R.S. (1987). The inquiry undertaken in a habeas corpus proceeding is "limited to a determination of the validity of the petitioner's confinement at the time of the hearing." *Reed v. People*, 745 P.2d 235, 238 (Colo.1987). Unless the factual allegations in the petition make a prima facie showing of invalid confinement, or demonstrate a serious infringement of a fundamental constitutional right, the petition should be dismissed without a hearing. *Reece v. Johnson*, 793 P.2d 1152, 1153 (Colo.1990); *Deason v. Kautzky*, 786 P.2d 420, 423 (Colo.1990); *Kodama v. Johnson*, 786 P.2d 417, 423 (Colo.1990).

White contends an evidentiary hearing is necessary because his confinement is invalid and his fundamental constitutional rights are being denied.

## A

Implicit in the district court's decision to deny White's petition for habeas corpus is the fact that White failed to establish a prima facie case that he is being detained unlawfully. White's petition for habeas corpus does not set forth a prima facie case of invalid confinement.

White alleges a number of facts which he contends prove his confinement is unlawful. He asserts: (1) his inmate file contains unfavorable and inaccurate information which is based on the opinion of incompetent medical personnel; (2) he is being denied proper treatment because the Department of Corrections (DOC) has made faulty transfer decisions; and (3) the Parole Board's decision that he should not be re-paroled is incorrect and based on arbitrary and capricious standards.

■ White's first contention relates to his classification as a sex offender and the information the DOC maintains in White's personnel file. The determination of how to monitor an offender's progress and what, if any, weight the Parole Board chooses to place on the evidence before it are matters solely for the Parole Board's consideration and discretion. *Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo.1990); *Trueblood v. Tinsley*, 148 Colo. 503, 366 P.2d 655 (1961), *cert. denied*, 370 U.S. 929, 82 S.Ct. 1570, 8 L.Ed.2d 507 (1962).

■ White also challenges the DOC's transfer decisions. Habeas corpus relief is not an available remedy to contest prison transfer and placement decisions. *Deason*, 786 P.2d at 423; *Reed*, 745 P.2d at 239 n. 5; *Kinney v. Young*, 689 P.2d 614, 616–17 (Colo. 1984). These decisions are left to the broad discretion of prison administrators. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976).

■ White's final assertion is that the Parole Board erred in refusing to re-parole him. Because White committed a sex offense, the consideration of his application for parole is a matter entrusted solely to the discretion of the Parole Board. *See* § 17–2–201(5)(a), 8A C.R.S. (1986); *Thiret*, 792 P.2d at 805; *Lustgarden v. Gunter*, 966 F.2d 552 (10th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 624, 121 L.Ed.2d 556 (1992). The parole decision is "subtle and dependent on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Parole Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release." *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 9–10, 99 S.Ct. 2100, 2104–05, 60 L.Ed.2d 668 (1979).

■ All three of White's grounds for granting an evidentiary hearing allege that the Parole Board abused its discretion. We have recognized that the Parole Board's discretion is plenary and is not subject to judicial review. *In re Question Concerning State Judicial Review*, 199 Colo. 463, 610 P.2d 1340 (1980). A court can, however, intervene if the Parole Board fails to comply

with its statutory duties. *Id.* at 466, 610 P.2d at 1341.[2] White has not alleged that the Parole Board failed to comply with its statutory duties. Because White's claims relate to matters that are not subject to judicial review, the district court properly ruled that White's petition did not establish a prima facie case of unlawful detention.

### B

■■■ White has also alleged that his constitutional rights were violated and, as a result, an evidentiary hearing is required. One of the Parole Board's reasons for not reparoling White is the Board's belief that he needs to obtain more treatment, including participation in a SOTP. White asserts that the Parole Board cannot require him to participate in a SOTP as a requirement for parole. A state is not required to establish a parole system. If a state chooses to do so, it is free to establish and define conditions that must be complied with in exchange for parole. *Greenholtz,* 442 U.S. at 8, 99 S.Ct. at 2104. White correctly maintains that even though a state has the power to establish the conditions for parole, it cannot violate the Constitution in doing so. Requiring a sex offender to complete a SOTP, however, is not unconstitutional. *See Grenemyer v. Gunter,* 770 F.Supp. 1432 (D.Colo.1991) (upholding the Board's practice of requiring participation in a SOTP as a condition of parole), *aff'd,* 968 F.2d 20 (10th Cir.1992).

■■■ There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz,* 442 U.S. at 7, 99 S.Ct. at 2104; *Andretti v. Johnson,* 779 P.2d 382, 384 (Colo.1989). In *Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 869,

74 L.Ed.2d 675 (1983), the Supreme Court held that "as long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." The Parole Board is not increasing White's sentence, it is merely offering him an alternative. If he does not want to participate in a SOTP, he is only denied the alternative of parole and will serve his sentence which does not violate the Due Process Clause.[3]

■■ Similarly, the requirement that he participate in a SOTP does not violate the Ex Post Facto Clause even though the program did not exist when White was sentenced. It is true that punishment cannot be retroactively increased. *Aue v. Diesslin,* 798 P.2d 436, 438 (Colo.1990). However, the Parole Board's refusal to grant parole to a sex offender who is unwilling to participate in a SOTP does not constitute additional punishment. White will not be punished if he does not take part in a SOTP, he simply will not receive a privilege.

■■■ White also contends that requiring him to enter into a SOTP violates the Equal Protection Clause because the program forces him to serve a longer period of imprisonment after his parole violation than other inmates who have violated the conditions of their parole. Because White is a sex offender, he is not similarly situated to other inmates. *See People v. Kibel,* 701 P.2d 37, 44 (Colo.1985) (finding no equal protection violation because sex offenders are distinguishable from other criminals based on the unique and heinous nature of their crime).

---

**2.** We specifically stated: "If the statutory duties of the Board have been performed ... then it would appear that [the defendants'] claims are that the Board abused its discretion in denying their applications for parole. There would be no judicial review of such denial in state courts of Colorado." *In re Question Concerning State Judicial Review,* 199 Colo. 463, 466, 610 P.2d 1340, 1341–42 (1980).

**3.** White also contends he is being required to incriminate himself in violation of the protection guaranteed by the Fifth Amendment to the Con-

stitution. White has already been convicted of being a sex offender. If he were to admit he is a sex offender, White would not be subject to any additional prosecution. *See Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951) (stating that testimony is incriminating if it would support a conviction of the defendant or would furnish a link in the chain of evidence needed to prosecute the defendant). In addition, because White has the option of serving his sentence, he is not being required to violate the privilege against self-incrimination.

Regulations that cause sex offenders to be treated differently than other offenders have been found to be consistent with the Equal Protection Clause. *See, e.g., Aue,* 798 P.2d at 441; *Lustgarden,* 966 F.2d at 555; *Mahfouz v. Lockhart,* 826 F.2d 791, 794 (8th Cir.1987); *Finley v. Staton,* 542 F.2d 250, 252 (5th Cir.1976). Requiring a sex offender to participate in a SOTP as a precondition to any grant of the privilege of parole does not violate the Equal Protection Clause.

Because White is not entitled to parole, the requirement that he attend a SOTP before he receives the privilege of parole does not violate the Due Process, Ex Post Facto, or Equal Protection Clauses of the Constitution.

### III

White has not alleged any facts that demonstrate invalid confinement or infringement on a fundamental constitutional right. White's petition does not establish a prima facie case for relief and the district court did not err in denying White's petition without a hearing. We therefore affirm the district court's order denying White's petition for habeas corpus.