Belinda THOMPSON, Plaintiff,

v.

**WYANDOTTE COUNTY DETENTION,**
**Defendant.**

**No. 91–3360–DES.**

United States District Court,
D. Kansas.

Nov. 21, 1994.

---

Belinda Thompson, pro se.

Mark C. Beam–Ward, Christopher T. Wilson, Hill & Beam–Ward, Sarah A. Brown, Coberly & Brown, Overland Park, KS, for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This is a civil rights case construed to be filed pursuant to 42 U.S.C. § 1983 by a person formerly incarcerated in the Wyandotte County, Kansas, Detention. Plaintiff's theories of her case are that she was sexually harassed and discriminated against while she was held in defendant institution. Plaintiff alleges that male employees of defendant was allowed to view her in the nude while she was showering.

Defendant has outlined in its motion for summary judgment and suggestions in support of motion for summary judgment on pages 1 through 14 of said pleading uncontroverted facts and same have not been legally controverted or denied by plaintiff. These facts are adopted and incorporated herein by references.

Defendant's motion for summary judgment is the issue before the court at this time.

Plaintiff, by way of her response, characterizes her claim as one of "sexual harassment." Plaintiff advances no theories, law, or facts that would support a claim of sexual harassment. Her claim is based only on her unsubstantiated belief as to the nature of sexual harassment.

Inherent in a claim for sexual harassment is statutory authority. Whether it be the Civil Rights Act of 1964 § 701 *et seq.*, 42 U.S.C.A. § 2000e *et seq.*, or the EEOC Guidelines on Sex, 29 C.F.R. § 1604.11, sexual harassment claims are statutory in nature. At the very core, a sexual harassment claim requires a plaintiff to show harassment in the workplace arising from one of the following two situations—a *quid pro quo* or a hostile work environment. *See Babcock v. Frank*, 783 F.Supp. 800 (S.D.N.Y.1992). Assuming that plaintiff has a legally cognizable claim for sexual harassment in a prison environment, not a work-place environment as mandated by statutes, plaintiff's cause of action must fail and the court so finds.

As to her discrimination claim, there is no evidence provided by the plaintiff that any of the alleged activity was committed *because* of the plaintiff's sex. Very importantly, plaintiff does not assert or claim that she was treated differently than male prisoners.

Plaintiff, at a minimum, must show that there was intentional conduct because of her sex that resulted in discrimination. It is well accepted that a plaintiff must show that she was subject to different treatment because of her gender. *Bohen v. City of East Chicago*, 799 F.2d 1180, 1186 (7th Cir.1986). There is no evidence that plaintiff was treated differently from male inmates or discriminated against due to her gender in this case. Plaintiff does not present a cognizable claim and the court so finds.

The court has found that the claims advanced by plaintiff under the theories advanced by the plaintiff are not available to her under the facts of this case.

Understanding that plaintiff is pro se, it is best to try and glean from plaintiff's complaint plaintiff's actual allegations and cause of action. It would appear that plaintiff's claim, as she alleges, is more properly characterized as a claim for deprivation of privacy. Plaintiff claims that employees of Wyandotte County Detention would allow males to enter the shower area unannounced and that

males viewed her in the nude while she was showering.

Federal cases characterize similar claims as deprivation of privacy causes of action. Sexual harassment and/or discrimination, as pled by plaintiff, do not appear to be proper categorizations.

**THE COURT FINDS THAT PLAINTIFF'S LIMITED RIGHTS TO PRIVACY WERE NOT VIOLATED BY THE IRREGULAR AND ISOLATED OCCASIONS ON WHICH SHE WAS ALLEGEDLY VIEWED IN THE NUDE.**

 Generally, a prisoner retains a limited right under the Fourth and Fourteenth Amendments, to bodily privacy. *Michenfelder v. Sumner,* 860 F.2d 328, 333 (9th Cir. 1988). It can also be generally stated that prisoners have the right not to be viewed naked by members of the opposite sex. *Michenfelder,* at 334. It is clear, however, that because the right to privacy is limited, prisoners only have the right not to be viewed on a regular and frequent basis, unless there is a legitimate reason for doing so. *Id.* That means that irregular or infrequent viewings, or those viewings with a legitimate basis, do not violate a prisoner's limited right to privacy.

In *Johnson v. Pennsylvania Bureau of Corrections,* 661 F.Supp. 425 (W.D.Pa. 1987), the court rules that where plaintiffs could only produce evidence that prison guards saw an inmate of the opposite sex nude on a small number of occasions, defendant did not violate plaintiff's privacy rights. Male plaintiffs brought suit in *Johnson* claiming that their privacy rights had been violated by female guards seeing them in the nude. *Id.* While it is recognized that prisoners are entitled to limited rights of privacy, being viewed in the nude on *isolated* occasions does not constitute a constitutional claim. *Michenfelder v. Sumner,* 860 F.2d 328, 334 (9th Cir.1988). The viewing of naked prisoners by members of the opposite sex, unless done *"regularly,"* does not equate to a violation of privacy. *Id.* (Emphasis added). Plaintiff's claim in the instant case amounts to being viewed on isolated and irregular occasions, and not as part of normal routine. The holdings in a number of other cases also state that an inmate's privacy rights may be violated *only* when guards of the opposite sex *regularly* view them while undressing, using toilet facilities, or while showering. *See Klein v. Pyle,* 767 F.Supp. 215 (D.Colo.1991); *Dawson v. Kindrick,* 527 F.Supp. 1252 (S.D.W.Va.1981); *Cumbey v. Meachum,* 684 F.2d 712 (10th Cir.1982). Plaintiff's allegations do not amount to regular viewing. The incidents as alleged by plaintiff are more properly characterized as isolated and inadvertent. There was no regular practice or policy of males being allowed to view female inmates in the nude. Specifically, there was no male guard or officer who viewed the plaintiff nude in the shower. There is absolutely no evidence that the plaintiff was actually seen in the nude, as she alleges, by Wyandotte County employees.

The court does not require oral argument to decide this case.

Based upon this entire record, the court finds that defendant's motion for summary judgment here should be granted, all relief denied and case dismissed.

**BY THE COURT IT IS SO ORDERED.**