**UNITED STATES COURT OF APPEALS**
**Filed 8/27/96**
**TENTH CIRCUIT**

_____

ROBERT ERNEST SCHWARTZ,

    Plaintiff-Appellant,

v.

ARISTEDES W. ZAVARAS, individually and
in his official capacity as Executive Director of
the Colorado Department of Corrections; GARY
D. NEET, individually and in his official
capacity as Superintendent of the Buena Vista
Correctional Facility of the Colorado
Department of Corrections,

    Defendants-Appellees.

No. 96-1131
(D.C. No. 94-Z-2158)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, _res judicata_ and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ordered submitted without oral argument.

Colorado state prisoner Robert Ernest Schwartz appears *pro se* and *in forma pauperis* to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint alleging violations of his Eighth Amendment rights.

In his complaint Mr. Schwartz alleged numerous violations, including the defendants' failure to provide him with protective custody status as well as the conditions of his confinement. He filed his complaint against Aristedes Zavaras, individually and in his official capacity as Executive Director of the Colorado Department of Corrections, and Gary Neet, Superintendent of the Buena Vista Correctional Facility of the Colorado Department of Corrections.

The defendants filed a motion for summary judgment, which the district court referred to a magistrate judge. The magistrate judge recommended granting the motion on all Mr. Schwartz's claims except his claim the defendants endangered him by placing him in the general population. The district court granted the defendants' motion for summary judgment on all grounds after finding Mr. Schwartz had failed to show that either defendant was aware of or involved in the decision to place him in the general population and the conditions of his

confinement claims did not rise to the level of a constitutional violation. Mr.

Schwartz raises two issues on appeal: 1) "that the court did not consider that the

plaintiff had requested a jury trial and not an evaluation and decision by an

individual judge" and 2) "that the judge misinterpreted ... and did not consider the

plaintiff's response to defendants' motion to dismiss and motion for summary

judgment, verified, since the findings are contrary to the presented evidence."

The first issue is without merit. Mr. Schwartz is not entitled to a jury trial

"if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(c). In a case like this, where the district court has found the

absence of any issues of material fact, the judge must decide the case as a matter

of law without submitting the case to a jury. *See Dillard & Sons Constr., Inc. v.*

*Burnup & Sims Comtec, Inc.*, 51 F.3d 910, 916 (10th Cir. 1995) (holding that

"district court erred by submitting a question of law to the jury for decision").

Because Mr. Schwartz is appearing pro se, we will liberally construe his

second issue as a challenge to the district court's order granting the defendant's

motion for summary judgment. *See Reynoldson v. Shillinger*, 907 F.2d 124, 125

(10th Cir. 1990).

Mr. Schwartz claims the district court failed to address his complaint regarding his cell size and the personal involvement of Mr. Neet. Mr. Schwartz contends that housing him in a cell which was 54 square feet was unconstitutional. In prior decisions we have held that 60 square feet is the minimum cell size that is constitutionally acceptable. *Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981). Mr. Schwartz was housed in the smaller cell after he was placed in administrative segregation. Mr. Schwartz does not challenge his placement in administrative segregation but rather the conditions of confinement he endured while so classified. We have previously affirmed the usage of cells smaller than 60 square feet in cases of punitive segregation. *See Gregory v. Wyse*, 512 F.2d 378, 380-82 (10th Cir. 1975) (approving usage of cell six feet square); *Poindexter v. Woodson*, 510 F.2d 464, 465-66 (10th Cir.) (approving usage of cell 9 by 5 feet), *cert. denied*, 423 U.S. 846 (1975). The Supreme Court has also held, "[i]t is plain that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). We therefore find it was proper for the district court to dismiss Mr. Schwartz's claims relating to his

cell size on a motion for summary judgment. Because Mr. Schwartz does not address his other conditions of confinement claims on appeal, and we do not believe the district court erred in dismissing them, the dismissal of his other claims are also affirmed.

We next address Mr. Schwartz's claim that the defendants failed to follow a court order requiring that he be placed in protective custody. Mr. Schwartz states that his status as a former prosecutor for several Colorado counties between 1974 and 1986 mandate that he be placed in protective custody. In fact when he was placed in the general population, he refused to leave his cell, even for meals, due to "probable harm and threats he had received." We agree with the defendants that under Colorado law the placement and classification of an inmate is under the discretion of the Department of Corrections and not the courts. *Milligan v. Colorado Dept. of Corrections*, 751 P.2d 75, 76 (Colo. Ct. App. 1988) ("inmate classification decisions are within the discretion of Department of Corrections officials"); *see also Marchesani v. McCune*, 531 F.2d 459, 461 (10th Cir.) (finding that "[t]he duty to classify inmates rests with federal prison officials"), *cert. denied*, 429 U.S. 846 (1976). Therefore, even if the court did issue an order, as Mr. Schwartz alleges, it would not have been binding on prison administrators as anything more than a recommendation. However, "[t]he failure of prison

officials to protect an inmate from attacks by other inmates may rise to the level

of an Eighth Amendment violation." *Blankenship v. Meachum*, 840 F.2d 741, 742

(10th Cir. 1988). In order to state a claim under § 1983 against Mr. Neet and Mr.

Zavaras, Mr. Schwartz needed to show that they failed to act to protect him

despite their knowledge of a substantial risk of serious harm. *Farmer v. Brennan*,

511 U.S. 825, ___, 114 S. Ct. 1970, 1981 (1994). Supervisor status by itself is

insufficient to support a claim under § 1983. *Mitchell v. Maynard*, 80 F.3d 1433,

1441 (10th Cir. 1996). There must be a showing of personal involvement or

knowledge. *Id.* Mr. Schwartz fails to provide any allegations in his appellate

brief addressing any personal knowledge or involvement on the part of Mr.

Zavaras regarding his requests for protective custody. Nor were we able to find

any such evidence in the record. The only indication is a statement in Mr.

Schwartz's response to the defendants' Motion for Summary Judgement where he

alleges that he wrote Mr. Zavaras a letter. He does not indicate when he wrote

this letter or what he said in this letter. This simple, unsupported and conclusory

allegation is not enough to create liability for § 1983 purposes or to withstand a

motion for summary judgment.

Mr. Schwartz does make factual allegations that he personally discussed his

need for protective status with Mr. Neet and that Mr. Neet was the one who

addressed his grievances. Mr. Schwartz, however, fails to provide any evidence to show that Mr. Neet was responsible for placing him in the general population. Instead, the record does show that after Mr. Schwartz protested his placement in the general population, Mr. Neet was responsible for having him taken out of the general population and placed in administrative segregation. Also, Mr. Neet did not review Mr. Schwartz's grievances until after Mr. Schwartz had been transferred to a different prison, at which point Mr. Neet had no authority over him. Even assuming Mr. Schwartz faced a risk of serious harm from being placed in the general population, the record fails to provide any facts to establish that either Mr. Neet or Mr. Zavaras had the requisite knowledge and failed to protect him. We also note his requests for an injunction and declaratory relief regarding his protective status are moot because he has since been transferred to another prison.

For the reasons stated above the district court's order is **AFFIRMED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge