Richard McCALLUM, Jr.,
Plaintiff–Appellant,

v.

COLORADO STATE BOARD OF
PAROLE, Defendant–
Appellee.

No. 99CA2354.

Colorado Court of Appeals.
Div. II.

Nov. 9, 2000.

Rehearing Denied April 12, 2001.

Philip A. Cherner, Denver, CO, for Plaintiff–Appellant.

Ken Salazar, Attorney General, Paul S. Sanzo, Assistant Attorney General, Denver, CO, for Defendant–Appellee.

Opinion by Judge JONES.

Plaintiff, Richard McCallum, Jr., an inmate of the Department of Corrections, appeals the dismissal of his action against defendant, Colorado State Board of Parole (the Board). We affirm.

Following the denial of plaintiff's application for parole, he filed the complaint at issue, claiming that he was denied due process because the Board failed to follow the requirements of the Administrative Procedure Act (APA), § 24–4–101, et seq., C.R.S. 2000, concerning his application.

The Board maintained that it is exempt from the APA requirements and stated that, in the parole hearing, it had followed the procedures set forth in § 17–2–201, C.R.S. 2000, which creates and governs the proceedings of the Board. Following a hearing on the denial of his parole application by the Board, the trial court agreed with the Board that it is exempt from the APA and, accordingly, granted the Board's motion to dismiss plaintiff's complaint. This appeal followed.

■ Plaintiff's only contention is that the trial court erred in determining that the Board is exempt from the procedural requirements of the APA. We disagree with plaintiff.

■ We first note that constitutional due process safeguards are not implicated in matters involving state parole hearings. *Martinez v. Patterson*, 429 F.2d 844 (10th Cir. 1970), *cert. denied*, 402 U.S. 934, 91 S.Ct. 1528, 28 L.Ed.2d 868 (1971); *see Turman v. Buckallew*, 784 P.2d 774 (Colo.1989). Thus, the only procedural protections to which plaintiff here is entitled are those provided by state statute. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Milligan v. Colorado Department of Corrections*, 751 P.2d 75 (Colo.App.1988).

■ When construing a statute, a court must ascertain and give effect to the intent of the General Assembly. To ascertain that intent, a court must first examine the language of the statute. If the language is clear and unambiguous, a court need not apply additional rules of statutory construction. *Department of Corrections v. Nieto*, 993 P.2d 493 (Colo.2000).

While we agree with, and affirm, the trial court's resolution of the issue raised here, we consider the cause on slightly different grounds because we determine that the trial court engaged in statutory construction not required concerning unambiguous statutes.

The statutes at issue, as written, are clear and unambiguous. Thus, in giving full effect to the words chosen by the General Assembly, we conclude that the trial court correctly determined that the Board is exempt from the requirements of the APA. Our conclusion is based on an examination of the two statutes at issue, §§ 24–4–107 and 17–2–201, C.R.S.2000, respectively.

Section 17–2–201 governs the responsibilities, authority, and discretion of the Board of Parole. It sets guidelines to be followed when granting, denying, or revoking parole. This entire section provides a clear and unambiguous description of the duties, responsibilities, and procedures of the Board.

Section 17–2–201(9)(a)(I), C.R.S.2000, specifically sets forth the procedures to be followed when an inmate applies for parole, stating as follows:

> Whenever an inmate initially applies for parole, the board shall conduct an interview with the inmate. At such interview at least one member of the board shall be present. Any final action on an application shall not be required to be made in the presence of the inmate or parolee, and any such action shall require the concurrence of at least two members of the board. When the two members do not concur, a third member shall review the record, and if deemed necessary, interview the applicant and cast the deciding vote. Any subsequent application for parole shall be considered by the board in accordance with the provisions of section 17–2–201(4)(a).

Section 17–2–201(4)(a), C.R.S.2000, provides for the reconsideration of denied applications for parole within one year of denial, and every year thereafter until parole is granted or the inmate is otherwise released from custody.

We find nothing in these sections to support the plaintiff's claim that the APA procedures, rather than the procedures in § 17–2–201(9)(a)(I), should apply. Section 17–2–201(9)(a)(I) clearly sets forth the procedures to be followed from the initial application for parole to the resolution by the Board.

It should be noted that the statute allows members of the Board to vote without meeting with the applicant. In light of such dispositional anonymity, it may not be concluded, as plaintiff's argument requires, that this statutory procedure is a hearing, requiring adherence to the APA. *See Milligan v. Colorado Department of Corrections, supra* (as Board has discretion to act for any constitutionally permissible reason or for no reason at all, there is not a protected liberty interest requiring due process instruments of hearing and confrontation).

When the language of § 17–2–201(9)(a)(I) and § 24–4–107 of the APA are read *in pari materia,* they reveal a clear, unambiguous, and exclusive procedure for consideration of parole applications.

Furthermore, § 24–4–107 reads in part that: "[W]here there is a conflict between [the APA] and a specific statutory provision relating to a specific agency, such specific statutory provision shall control as to such agency." *See Pack v. Arkansas Valley Correctional Facility,* 894 P.2d 34 (Colo.App. 1995) (specific statutory provisions prevails over general provision on same subject).

As stated previously, § 17–2–201 specifically deals with the procedural requirements for reviewing applications for parole. These procedural requirements "conflict" with the general provisions of the APA. Thus, § 17–2–201 is controlling.

Hence, because plaintiff could not state a claim for relief, the trial court did not err in granting defendant's motion to dismiss.

Accordingly, the judgment is affirmed.

VOGT and PIERCE *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under