■ In the Matter of SUSAN UNDERWOOD et al., Appellants, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE

CITY OF KINGSTON, Respondent.—Main, J. P. Appeal from that part of a judgment of the Supreme Court at Special Term (Conway, J.), entered May 22, 1985 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review respondent's determination sustaining the suspensions from school of petitioner Susan Underwood.

Petitioner Susan Underwood received two five-day suspensions from Bernard E. Farrell, principal of the M. Clifford Miller School, part of the City School District of the City of Kingston, Ulster County. Those suspensions, given on account of the alleged insubordination of Underwood, were effective May 2 through May 8, 1984 and May 8 through May 14, 1984. On May 14, 1984, a hearing was conducted by Louis A. Salzmann, superintendent of the school district. Based on the evidence adduced at that hearing, Salzmann suspended Underwood for the remainder of the school year but permitted her to take her final examinations. On November 14, 1984, the district's Board of Education, respondent herein, upheld Salzmann's action suspending Underwood.

By petition dated March 11, 1985, petitioners commenced this CPLR article 78 proceeding seeking, in addition to money damages, that respondent's determination be annulled and that references in Underwood's school records to the suspensions be expunged. Special Term dismissed the petition, finding that money damages could not be awarded in such a proceeding and that respondent's determination had a rational basis in the record. Petitioner's appeal from all of Special Term's judgment with the exception of that portion dealing with money damages.

We note preliminarily that, contrary to respondent's assertion, this proceeding has not been rendered moot by the passage of time and because Underwood ultimately passed all of her examinations, since an integral portion of the relief sought by petitioners consists of the removal of references to the suspensions from Underwood's school records.

We turn, then, to the issues raised by petitioners. First, petitioners argue that the two five-day suspensions levied upon Underwood by Farrell were invalid. We agree. Pursuant to Education Law § 3214 (3), respondent and Salzmann were empowered to suspend students. Respondent was also authorized to adopt bylaws delegating to principals of schools within the district the power to suspend students for up to five school days (Education Law § 3214 [3] [b]). Here, at the time that Underwood was suspended by Farrell, the only bylaw in

existence dealing with the subject of suspension merely stated as follows: "For pertinent information refer to section 3214 (3) (b) of the Education Law". Such vague reference, in our view, is insufficient to effectuate a valid delegation of authority to school principals, as is required by the statute. The severe shortcoming of such bylaws is highlighted by the fact that, on November 14, 1984, the very day that respondent upheld Salzmann's decision to suspend Underwood, respondent also adopted a new and explicit bylaw which stated in part: "Pursuant to Section 3214 (3) (b) the Board hereby delegates to the principal of the school, where the pupil attends, the power to suspend a pupil for a period not to exceed five school days". Since such valid delegation did not take place until after Farrell twice unilaterally suspended Underwood, her school records must be expunged insofar as they refer to the suspensions imposed by Farrell.

We reach a contrary result with regard to the suspension imposed by Salzmann and upheld by respondent. In the case of this suspension, imposed after a hearing, Salzmann, as superintendent of the school district, was authorized to and did suspend Underwood because of her insubordination (see, Education Law § 3214 [3] [a] [1]). That insubordination, which consisted of Underwood's use of an obscenity aimed at school officials, was admitted by Underwood at her hearing. Consequently, we conclude that, as to the suspension imposed by Salzmann and sustained by respondent, there is substantial evidence to support respondent's determination (see, Matter of Albicocco, 21 Ed Dept Rep 166, 168) and the suspension imposed (see, Schwartz v Schuker, 298 F Supp 238, 242). We have examined petitioners' remaining contentions and find them lacking in merit.

Judgment modified, on the law, without costs, by reversing so much thereof as dismissed the petition with regard to the suspensions imposed by Bernard E. Farrell; petition granted with respect to such suspensions and petitioner Susan Underwood's school records ordered expunged with reference thereto; and, as so modified, affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.