■ In the Matter of DESMOND GRANT, Appellant, v DANIEL A. SENKOWSKI, as Acting Superintendent of Clinton Correctional Facility, et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered September 30, 1987 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Following a Tier III Superintendent's hearing, presided over by Captain Edward Donnelly, petitioner was found guilty of making threats, interfering with an employee, possessing a weapon (two counts) and destroying State property. At the outset of the hearing, petitioner asked Donnelly to disqualify himself as Hearing Officer because petitioner had commenced a 42 USC § 1983 action against him stemming from an earlier disciplinary hearing wherein Donnelly had also served as petitioner's Hearing Officer. Donnelly refused, stating, "I think I act as a professional and I will not be biased towards you because you're taking me to court. That's part of my job. A lot of inmates take me to court and I have no prejudice because of that."

Petitioner brought this CPLR article 78 proceeding challenging respondent Commissioner of Correctional Services' affirmance of the Hearing Officer's disposition; the relief requested included annulment and expunction of any reference to the subject charges from petitioner's institutional records. In dismissing the petition, Supreme Court found that Donnelly was not required to recuse himself, that petitioner was

not improperly removed from the hearing room, and that the hearing transcript, though containing numerous inaudible remarks, was not fatally flawed. Petitioner appeals.

While petitioner's appeal was pending, the Fourth Department reversed the conviction for which petitioner was being incarcerated and ordered a new trial *(People v Grant,* 132 AD2d 929). Petitioner subsequently pleaded guilty to a misdemeanor, was sentenced to time served on the vacated conviction, and released from confinement. Respondents, noting that petitioner was no longer subject to the control of the Department of Correctional Services, moved to dismiss the instant appeal. This court denied the motion without prejudice to raising the mootness issue on the appeal.

Since petitioner's prison disciplinary record might be considered by a future employer in reaching an employment decision, petitioner is entitled to have an institutional record free from improperly obtained findings of disciplinary rule violations *(see,* Correction Law § 753 [1] [g]; *Matter of Underwood v Board of Educ.,* 117 AD2d 897, 898). If petitioner had but one rule violation in his institutional record, his entitlement to an accurately maintained disciplinary record would not be seriously questioned. That he in fact has had more than one violation does not require a different conclusion, for what sort of disciplinary record a prospective employer of petitioner may consider evidence of rehabilitation and good conduct is not respondents' decision to make. Accordingly, we do not deem this appeal moot *(cf., Matter of Boodro v Coughlin,* 142 AD2d 820).

On the merits, petitioner maintains that Donnelly should have recused himself to avoid the appearance, if not reality, of bias in light of petitioner's action against him and that, as a result of Donnelly's refusal to do so, he was denied due process. The common-law rule of disqualification extends to administrative officers exercising judicial or quasi-judicial functions *(see, Matter of Washington County Cease v Persico,* 120 Misc 2d 207, 228, *affd* 99 AD2d 321, *affd* 64 NY2d 923). As with the judiciary *(see, e.g., Corradino v Corradino,* 48 NY2d 894, 895), the mere appearance of impropriety by an administrative officer is to be avoided, but that mien alone is not sufficient to mandate recusal *(see, People v Moreno,* 70 NY2d 403, 405). In the sphere of administrative law, "state administrators 'are assumed to be men of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances' " *(Withrow v Larkin,* 421 US 35, 55, quoting *United States v Morgan,* 313 US 409,

421). Consequently, absent a demonstrable conflict of interest or record evidence of real bias, the determination of the challenged tribunal should not be set aside *(see, Matter of Claffey v Commissioner of Educ.,* 142 AD2d 845, 846). That the Hearing Officer presiding over a prison inmate disciplinary proceeding is subject to legal action by the charged inmate, without a showing being made of actual prejudice, does not require the Officer to disqualify himself, though it may be well advised *(see, People v Muka,* 72 AD2d 649, 650). Here the only colorable claim of partiality was the ejection of petitioner from the hearing; however, this occurred due to petitioner's contumacious behavior which threatened to bring the hearing to a standstill and was imposed only after warnings from Donnelly *(see, Matter of Samuels v LeFevre,* 120 AD2d 894, 895-896).

Petitioner's remaining contentions were adequately addressed by Supreme Court.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.