Murad Hasan BEYAH, Plaintiff,

v.

Sgt. PUTMAN, C.O. Robinson, C.O. Block, C.O. Larmer, C.O. Burns, C.O. Lambert, Nurse Kelly, C.O. Phil, Sgt. Gleason, Sgt. Chambers, Sgt. Bigham, and John Doe(s), Defendants.

No. 86–CV–897 (NPM).

United States District Court, N.D. New York.

March 13, 1995.

Murad Hasan Beyah, plaintiff pro se,

### OPINION AND ORDER

BAER, District Judge.

Chief Judge Thomas J. McAvoy of the United States District Court for the Northern District of New York transferred this dispositive motion (and nine similar motions) to me, by order dated November 5, 1994, due to the backlog in his district, for the sole purpose of resolving the motion.

Plaintiff *pro se,* Murad Hasan Beyah ("Beyah"), brought this action in 1986 against ten guards and one nurse ("Defendants") who worked at the Onondaga County jail in Syracuse, N.Y. during 1985 while Beyah was a pre-trial detainee. Beyah and Defendants each cross-move for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on two of Beyah's seven claims: (1) that prison officials violated his Fourteenth Amendment due process rights in disciplinary hearings; and (2) that prison officials denied Beyah access to court and counsel by restricting his telephone privileges. For the reasons discussed below, I deny Beyah's motion for partial summary judgment, and I deny in part and grant in part Defendants' cross-motion.

## I. FACTUAL BACKGROUND

The following represents the Court's best effort to understand Beyah's allegations of fact. On September 7, 1985, Onondaga County prison officials notified Beyah of disciplinary charges against him for calling Nurse Lester a "bitch." After Beyah's disciplinary hearing, Sergeant Bigham found Beyah guilty, confined him to his cell, and denied him personal phone privileges for seven days.

On September 8, 1985, at 7:30 a.m., Sergeant Chambers served Beyah with Inmate Infraction Notice J–2124–85 for a violation of Rule 8 (sanitation) of the Onondaga County Sheriff's Department Inmate Rules Booklet, and disobeying an order. Sergeant Chamber's also notified Beyah of the second disciplinary hearing which would be held at 11:45 p.m. that night.

At 11:45 p.m. that night, a deputy guard took Beyah to the second disciplinary hearing. At this hearing, Beyah testified that prison officials never told him to remove his clothes from the bars. Beyah also refused to sign a waiver of his right to twenty-four hours notice of the hearing. Furthermore, Beyah alleges Sergeant Putman denied him the right to confront the deputy who wrote the infraction notice. Sergeant Putman found Beyah guilty of the infractions. However, the punishment description on Disciplinary Report J–2124–85, is illegible and the record contains no other account of Beyah's punishment.

At 1:00 a.m. that same night, Sergeant Putman allegedly kept Beyah out of his cell in an attempt to force Beyah to sign the hearing results. Beyah refused and Deputies Block and Burns brought him into a consultation booth. Once there, the deputies allegedly assaulted Beyah and Sergeant Putman sprayed mace in Beyah's face and eyes. The guards purportedly left Beyah in shackles on the floor without washing the mace from his face and eyes. Beyah states that approximately one hour later Sergeant Chambers wiped the mace from Beyah's face.

On September 9, 1985, Sergeant Matts served Beyah with Inmate Infraction Notice J–2132–85 that charged Beyah with an assault on officers Block and Burns. On September 10, 1985, Lt. Molta and "Sergeant John Doe" took Beyah to a third disciplinary hearing. Beyah claims he requested a paralegal to represent him, but prison officials denied his request. Beyah further claims that he could not adequately prepare a defense. Sergeant Matts told Beyah that he had five statements by guards claiming that Beyah had assaulted them. Sergeant Matts found Beyah guilty of the charges and confined Beyah to his cell twenty-four hours a day from September 10 to October 10, 1985.

Beyah further asserts that on September 18, he asked Chief Pirro for a copy of the disciplinary reports. Beyah states that Chief Pirro denied his request.

## II. DISCUSSION

### A. *Standard for Summary Judgment Motions*

 Federal Rule 56(c) of the Rules of Civil Procedure requires me to grant summary judgment if the evidence demonstrates that "there is no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "Summary judgment is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 1). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities and draw all inferences against the moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam); *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir.1987). However, the mere existence of disputed factual issues is insufficient to defeat a motion for summary judgment. *Knight v. United States Fire Ins. Co.*, 804 F.2d 9, 11–12 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). The disputed issues of fact must be

"material to the outcome of the litigation," *id.* at 11, and must be backed by evidence that would allow "a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* With respect to materiality,

> substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

*Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

## B. *The Disciplinary Hearings*

 Beyah asserts that Sergeant Chambers violated his Fourteenth Amendment due process rights by providing inadequate notice for the second disciplinary hearing. New York law provides that prison officials must present the inmate with a copy of the misbehavior report as soon as practicable, and at least twenty-four hours prior to the inmate's hearing. N.Y.Comp.Codes R. & Regs. Tit. 9, § 7006.4(e) (1992). Prison officials must also give inmates at least twenty four hours to prepare for disciplinary hearings before they can be deprived of good time or placed in solitary confinement. *Wolff v. McDonnell,* 418 U.S. 539, 563–64, 94 S.Ct. 2963, 2978–79, 41 L.Ed.2d 935 (1973); *Benitez v. Wolff,* 985 F.2d 662, 665 (2d Cir.1993); *McKinnon v. Patterson,* 568 F.2d 930, 936 (2d Cir.1977). However, *Wolff* did not suggest that twenty four hour notice is required for the imposition of lesser penalties such as the loss of privileges. *Wolff,* 418 U.S. at 571–72, 94 S.Ct. at 2982. The record does not clearly state what Beyah's penalty was for the sanitation violation. Thus if Beyah received a sentence greater than loss of privileges, then he has raised a triable issue of fact and that aspect of the Defendants' cross-motion must be denied.

 Furthermore, Beyah contests the impartiality of the disciplinary hearing officers. An inmate is entitled to an impartial hearing officer who does not prejudice or prejudge the evidence. *Patterson v. Coughlin,* 905 F.2d 564, 570 (2d Cir.1990). However, Beyah must offer evidence to support the charge of impartiality or the record must indicate some impropriety. *Candelaria v. Coughlin,* 787 F.Supp. 368, 375 (S.D.N.Y. 1992). Beyah has not carried his burden of production and the record does not indicate any impropriety. Therefore, I must grant Defendants' cross-motion for summary judgement as to this claim.

 Beyah alleges that he cannot sufficiently understand why he was found in violation of the disciplinary regulations. Prison officials must give an inmate a written statement of reasons for the disciplinary action and of the facts relied on. *Wolff,* 418 U.S. at 564, 94 S.Ct. at 2978–79. Beyah received written notification of the rules he was accused of violating. Furthermore, Beyah conceded that prison officials provided him with a transcript of the hearings. Thus, Beyah has failed to raise a triable issue of material fact regarding failure to receive written notice against him.

## C. *Telephone Privileges*

 Beyah asserts that the limitation of his telephone privileges violated his right to access the courts and his right to legal assistance. The right of access to the courts is a necessary concomitant to the right of assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). Inmates' access to court must be adequate, effective, and meaningful. *Bounds v. Smith,* 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977). New York law provides that all prisoners shall have access to legal counsel by means of the telephone. N.Y.Comp.Codes R. & Regs. Tit. 9, § 7031.2(a) (1992). However, prison officials can restrict inmates' access to counsel by telephone as long as the inmates have some other avenue of access. *Bellamy v. McMickens,* 692 F.Supp 205, 214 (S.D.N.Y.1988). Furthermore, a prison regulation can impinge an inmate's constitutional rights provided it is reasonably related to legitimate penological interests. *Turner v. Safley,* 482 U.S. 78, 107, 107 S.Ct. 2254, 2271, 96 L.Ed.2d

64 (1987). Beyah concedes he was allowed to call his counsel representing him on criminal charges. Beyah only states that the prison officials restricted his personal phone calls. Plaintiff's Affidavit, at 5. This restriction did not infringe on Beyah's access to counsel. Therefore, Beyah has failed to state a claim of a violation of his right of access to court or counsel.

## III. CONCLUSION

For the reasons stated above, I grant Defendants' cross motion for partial summary judgment as to Beyah's claims of an impartial hearing officer, his inability to understand the charges against him, and denial of access to court. However, I deny Defendants' cross-motion for partial summary judgement as to the lack of adequate notice for the disciplinary hearing, and I deny Beyah's motion in its entirety.

**SO ORDERED.**