John A. TEBBETTS, Plaintiff–Appellant,

v.

Joe WHITSON, disciplinary hearing officer; Stephen Green, Captain, Delta Correctional Center, Defendants–Appellees.

No. 96CA2298.

Colorado Court of Appeals,
Div. I.

Oct. 30, 1997.

Rehearing Denied Dec. 11, 1997.

Certiorari Denied June 8, 1998.

John A. Tebbetts, Pro Se.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Joseph Haughain, Assistant Attorney General, Denver, for Defendants–Appellees.

Opinion by Judge TAUBMAN.

In this C.R.C.P. 106(a)(4) action, plaintiff, John Allen Tebbetts, appeals from the trial court's judgment rejecting his challenge to the prison disciplinary action taken by defendants, Joe Whitson and Stephen Green, employees of the Department of Corrections (DOC), in which he was found guilty of attempted bartering and unauthorized possession of legal papers in violation of the Department of Corrections Code of Penal Discipline (COPD). We reverse.

In a previous appeal of this matter, a division of this court determined that the administrative record had not been certified to, or received by, the district court and was therefore insufficient to permit review under C.R.C.P. 106(a)(4). Consequently, the initial decision of the district court was vacated and the matter was remanded for reconsideration. *Tebbetts v. Whitson,* (Colo.App. No. 95CA0799, December 14, 1995) (not selected for official publication). Upon remand, following certification and receipt of the entire administrative record, the district court concluded that defendants' decision imposing discipline upon plaintiff should be affirmed.

I.

Initially, we reject defendants' contention that this action must be dismissed because it is not reviewable under C.R.C.P. 106(a)(4). Defendants argue that the decision in *Kodama v. Johnson,* 786 P.2d 417 (Colo.1990), which stated that a prison disciplinary action may be reviewed pursuant to C.R.C.P. 106(a)(4), must be reevaluated in light of *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). We conclude, however, that the *Sandin* decision does not prevent judicial review of this action under C.R.C.P. 106(a)(4). See *Mariani v.*

*Department of Corrections,* 956 P.2d 625 (Colo.App.1997).

## II.

Tebbetts contends that defendants' decision finding him guilty of attempted bartering constitutes an abuse of discretion because it is not supported by any competent evidence in the record. We agree.

 Review of a prison disciplinary decision is limited to whether the prison officials exceeded their jurisdiction or abused their discretion. See C.R.C.P. 106(a)(4)(I); *Kodama v. Johnson, supra; Villa v. Gunter,* 862 P.2d 1033 (Colo.App.1993). Under this standard, the decision of the prison officials must be upheld if there is "some evidence" in the record to support it. *Kodama v. Johnson, supra.*

Under the then applicable COPD, the offense of bartering, selling goods and commodities or services was defined as follows:

An inmate commits this offense when he barters, loans, sells, or buys things of value, including, but not limited to, those items sold in the commissary, clothing, housing furnishings, art and craft items, services or transfers or attempts to transfer funds from the trust or banking account of one inmate to that of another inmate without the prior knowledge and permission of an employee of the Department of Corrections.

DOC Administrative Regulation 203–1 at 6(b)(ii)(26).

Additionally, bartering is generally defined as, "*[t]he exchange* of goods and productive services for other goods and productive services...." Black's Law Dictionary 151 (6th ed.1990) (emphasis added).

 At the disciplinary hearing, evidence was presented that Tebbetts had received four letters from other inmates requesting legal assistance. At least two of these letters contained or implied an offer to compensate him. Tebbetts also presented evidence that he did not request or accept any compensation for the legal services he performed or was asked to perform, but this evidence was apparently rejected by defendants.

Here, the disposition of charges concluded that:

Elements of charge are met. I have four letters as physical evidence stating legal work was being completed and insinuating inmate Tebbetts would be thanked in some way. The letter from Trujillo ... came right out and stated that I will send you a money order. I am sure you can use a little cash. The preponderance of evidence weighs against inmate Tebbetts at this hearing.

Neither the evidence presented at the hearing nor the hearing officer's disposition of charges indicates that Tebbetts in any way either accepted, attempted to accept, or actually received compensation in return for providing legal work to other inmates. The mere fact that other inmates offered to pay Tebbetts for his services, without more, does not constitute "any evidence" that Tebbetts was engaged in bartering in violation of the COPD regulation. Absent such evidence, the hearing officer's decision cannot stand. See *Kodama v. Johnson, supra.*

## III.

Tebbetts next contends that defendants misconstrued the applicable law in finding that he was guilty of unauthorized possession of legal papers. Again, we agree.

 Interpretation of a rule by the agency charged with its enforcement is generally entitled to great deference and is to be accepted on review if it has a reasonable basis in law and is warranted by the record. *Ricci v. Davis,* 627 P.2d 1111 (Colo.1981); *Regents of University of Colorado v. City & County of Denver,* 929 P.2d 58 (Colo.App.1996). However, no deference is given when the agency's interpretation is inconsistent with its own rules. *Van Pelt v. State Board for Community Colleges & Occupational Education,* 195 Colo. 316, 577 P.2d 765 (1978).

As pertinent here, the COPD then defined the charge of unauthorized possession as follows:

Unauthorized Possession—an inmate commits this offense when he has in his possession ... or receives from or gives to

another inmate ... any contraband including, but not limited to:

> ....
>
> (d) ... official papers or documents (*other than papers or documents relative to judicial or administrative proceedings*) unless expressly and specifically authorized by the superintendent/director or designee of the correctional facility concerned ....

DOC Administrative Regulation 203–1 at 126(b)(i)(19)(d) (emphasis added).

■ Tebbetts argues that because he was in possession of documents relating to judicial proceedings, defendants' decision that he was guilty of "unauthorized possession" is contrary to the above rule. Defendants argue that their interpretation of this rule is reasonable in light of other rules peculiar to Tebbetts' correctional facility which restrict what items an inmate may possess. We agree with Tebbetts.

Delta Correctional Center Operational Memorandum 850–6 sets forth guidelines concerning the volume and type of personal property that may be maintained by an inmate. As pertinent here, it provides that an inmate may possess "Legal Papers" which are defined as: "Documents that are specifically relevant to legal matters *involving the inmate*." (emphasis added) In addition, Delta Correctional Center Administrative Regulation 750–1, which governs an inmate's access to the courts, provides that legal services may be provided by an inmate law clerk who must work under the supervision of a staff legal assistant or a legal access attorney. Here, there is no dispute that plaintiff was not an authorized inmate law clerk.

Notwithstanding these administrative provisions which pertain to the Delta Correctional Center, the COPD regulation which Tebbetts was charged with violating, by its plain language, contains an exception which allows an inmate to possess papers or documents relative to judicial or administrative proceedings. Since that provision on its face does not limit an inmate to possession of his or her own papers, we conclude that the hearing officer's conclusion that Tebbetts was guilty of unauthorized possession of legal papers must be set aside.

■ While there is no question that COPD provisions could limit an inmate to possession of only his or her own legal papers, the regulation here at issue did not do so. Moreover, the COPD regulation applicable here specified that "no conduct shall constitute an offense unless provision for it is made in this code." DOC Administrative Regulation 203–1 at 7(h)(3)(e), amended and recodified as 150–1 at IV(E)(4)(p)(1). Thus, it was error for the DOC to interpret the regulation on unauthorized possession of legal papers in conjunction with specific administrative provisions applicable only to the Delta Correctional Facility.

The judgment is reversed, and the cause is remanded with directions that the prison disciplinary action be vacated.

METZGER and PLANK, JJ., concur.