David WASHINGTON, Plaintiff–
Appellant,

v.

Eugene E. ATHERTON;  Kent Johnson;
Bill Brunell;  and Jon Johnson,
Defendants–Appellees.

No. 99CA1183.

Colorado Court of Appeals,
Div. II.

May 11, 2000.

Rehearing Denied June 15, 2000.

David Washington, Pro Se.

Ken Salazar, Attorney General, Joseph Sanchez, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge DAVIDSON.

In this C.R.C.P. 106(a)(4) action, plaintiff, David Washington, appeals from the trial court's judgment rejecting his challenge to the prison disciplinary action taken by defendants, Eugene E. Atherton, Kent Johnson, Bill Brunell, and Jon Johnson. We affirm.

While an inmate at the Buena Vista Correctional Facility, plaintiff was found to be in possession of legal documents belonging to another inmate when that inmate was not present. This was in violation of an earlier written order given to plaintiff prohibiting such conduct. At an administrative hearing, plaintiff was found guilty of disobeying the prior order.

After plaintiff's administrative appeal was denied, he commenced this C.R.C.P. 106(a)(4) action in the district court. The district court entered an order denying relief.

### I.

Plaintiff first contends that the hearing officer's failure to recuse himself amounted to violation of due process. We disagree.

An inmate in a disciplinary hearing enjoys only the most basic due process rights. *See Villa v. Gunter,* 862 P.2d 1033 (Colo.App.1993); *see also Mariani v. Colorado Department of Corrections,* 956 P.2d 625 (Colo.App.1997). However, due process does require, at a minimum, notice and the opportunity for a meaningful hearing before an impartial tribunal. *See Van Sickle v. Boyes,* 797 P.2d 1267 (Colo.1990) (review of fire department order); *see also Patterson v. Coughlin,* 905 F.2d 564 (2d Cir.1990) (inmate is entitled to impartial hearing officer who does not prejudge the evidence).

An administrative hearing officer is presumed to be impartial, and the party challenging the administrative action has the burden to prove otherwise. *See Van Sickle v. Boyes, supra.* To support a charge of impartiality, an inmate must offer evidence of, or the record must indicate, some impropriety. *See Beyah v. Putman,* 885 F.Supp. 371 (N.D.N.Y.1995). Furthermore, prison officials serving as hearing officers need not meet the standards of impartiality applicable to judges. *Moore v. Selsky,* 900 F.Supp. 670 (S.D.N.Y.1995), *aff'd,* 101 F.3d 683, 1996 WL 219442 (2d Cir.1996). Because of the special characteristics of the prison environment, it is permissible for the impartiality of such officials to be encumbered by various conflicts of interest that, in other contexts, would be adjudged of sufficient magnitude to violate due process. *Francis v. Coughlin,* 891 F.2d 43 (2d Cir.1989).

Here, plaintiff's claim of impartiality was supported by his assertions that (1) the hearing officer had been involved in one of plaintiff's numerous earlier disciplinary proceedings and was, therefore, a party in another C.R.C.P. 106(a)(4) action; and (2) plaintiff had recently filed some form of grievance against the hearing officer. However, plaintiff failed to make any showing that the hearing officer actually prejudged the case or decided it based on anything other than the evidence presented.

Therefore, we agree with the trial court's conclusion that plaintiff's assertions, standing alone, were insufficient to require recusal. *See Grant v. Senkowski,* 146 A.D.2d 948, 537 N.Y.S.2d 323 (1989) (fact that hearing officer in prison disciplinary proceeding was subject to legal action by the charged inmate, without a showing being made of actual preju-

dice, did not require officer to disqualify himself).

## II.

■ Plaintiff next contends that his disciplinary conviction was erroneous because he had no intent to violate the prior order. We perceive no error.

■ Review of a prison disciplinary decision is limited to whether the prison officials exceeded their jurisdiction or abused their discretion. *See* C.R.C.P. 106(a)(4)(I); *Kodama v. Johnson,* 786 P.2d 417 (Colo.1990). Under this standard, the decision of the prison officials must be upheld if there is "some evidence" in the record to support it. *Kodama v. Johnson, supra; Tebbetts v. Whitson,* 956 P.2d 639 (Colo.App.1997).

Here, the undisputed testimony at the hearing established that plaintiff was in possession of another inmate's legal documents while that inmate was not present.

At the hearing, plaintiff claimed he had been unaware the owner of the documents had left and that he did not intend to violate the prior order. However, Department of Corrections Code of Penal Discipline II(25), "Disobeying a Lawful Order," does not require that the violation be intentional. Furthermore, even if this type of intent was required, the hearing officer could have inferred that plaintiff knew the other inmate had left based upon plaintiff's initial statement to the guard that the other inmate would be "right back."

Because there was some evidence to support the hearing officer's decision, the trial court correctly declined to disturb that decision. *See Kodama v. Johnson, supra.*

## III.

■ Finally, plaintiff contends that the order he was found guilty of failing to obey was improper and amounted to an amendment of the Code of Penal Discipline. We are not persuaded.

■ The order at issue simply prohibited plaintiff from possessing legal documents of other inmates while those inmates were not present. Plaintiff notes that this conduct is not specifically prohibited by the Code of Penal Discipline. That fact, however, in no way renders the order illegal or improper. The Code does not delineate all conduct that prison officials may need to proscribe under all possible circumstances. *See Meyers v. Aldredge,* 492 F.2d 296 (3d Cir.1974) (it is nearly impossible for prison authorities to anticipate, through a narrowly drawn regulation, every conceivable form of misconduct that threatens prison security). Indeed, if all conduct justifying discipline were required to be set forth in the Code, there would be no need for the Code provision of "Disobeying a Lawful Order" of which plaintiff was found guilty.

In sum, we agree with the trial court's determination that the underlying order given to plaintiff was neither illegal nor improper.

The judgment is affirmed.

Judge PLANK and Judge DAILEY concur.