O.D. WOOLSEY, Plaintiff–Appellee,

v.

COLORADO DEPARTMENT OF CORRECTIONS, Joe Ortiz, Larry Embry, Randy Fussi (Foshee), Guy Doubleday, and Ed Guffy, Defendants–Appellants.

No. 01CA2013.

Colorado Court of Appeals,
Div. I.

Sept. 26, 2002.

As Modified on Denial of Rehearing
Nov. 21, 2002.

Certiorari Denied April 7, 2003.

O.D. Woolsey, Pro Se.

Ken Salazar, Attorney General, Joseph P. Sanchez, Assistant Attorney General, Denver, Colorado, for Defendants–Appellants.

Opinion by Judge MARQUEZ.

In this C.R.C.P. 106(a)(4) action, defendants, the Colorado Department of Corrections (DOC), Joe Ortiz, Larry Embry, Randy Fussi (Foshee), Guy Doubleday, and Ed Guffy, appeal the district court judgment reversing the prison disciplinary action taken against plaintiff, O.D. Woolsey. We reverse and remand.

Plaintiff, a DOC inmate, was found guilty of sexual misconduct and disobeying a lawful order, both class II violations of the DOC Code of Penal Discipline (COPD).

After his administrative appeal was denied, plaintiff commenced this action in the district court. Plaintiff asserted that defendants failed to conduct an independent investigation of the charges within two working days of the date of discovery of the violations, failed to provide him with timely service of the Notice of Charges, failed to conduct the hearing within the time required by the COPD, and deprived him of his right to call witnesses and present evidence at the hearing.

The district court reversed plaintiff's disciplinary convictions after concluding that defendants had failed to conduct a timely independent review of the charges. Defendants moved to amend the judgment pursuant to C.R.C.P. 59, which the district court denied.

I.

Defendants contend that the DOC correctly interpreted its own regulation and that the district court erred in concluding that they failed to conduct a timely independent review. We agree.

In construing an administrative rule or regulation, we apply the same rules of construction as we would in interpreting a statute. *Lucero v. Dep't of Insts.*, 942 P.2d 1246 (Colo.App.1996). Consequently, when a term is defined in a rule, that definition governs. *See Farmers Ins. Exch. v. Bill Boom Inc.*, 961 P.2d 465 (Colo.1998); *see also In re Adoption of T.K.J.*, 931 P.2d 488 (Colo.App.1996)(statutory words and phrases that have acquired particular meaning, whether by legislative definition or otherwise, must be construed accordingly).

Here, the relevant COPD section provides as follows:

(1) If a Class I or Class II charge(s) is brought against an offender, an appropriate supervisor(s) must conduct an independent review … as soon as possible but no later than two working days after the *date of discovery* of the alleged violation.

(2) The supervisory review may be delegated to a staff member at or above the level of Correctional Officer III or the equivalent. The reviewing supervisor may consult with anyone including the offender during his review. *If the reviewing supervisor finds cause to believe that any violation was committed by the offender charged, he shall approve the Notice of Charge(s).*

DOC Reg. 150–01 IV(E)(3)(a) (2001)(emphasis added).

Another COPD section specifically defines "date of discovery" as "The date at which the initiating officer determined an offense has occurred and the identity of the offender to be charged. *This is determined by the date that the initiating officer signs the Notice of Charge.*" DOC Reg. 150–01 III(F) (2001)(emphasis added).

In determining that the independent review was untimely, the district court relied

on the fact that the incident leading to the charges occurred on December 23, 1999. However, based upon a plain reading of the above COPD provisions, the two-day period was triggered on the date the initiating officer signed the Notice of Charges, January 13, 2000. We note that the regulation uses the term "initiating officer" while the Notice of Charges used the term "initiating employee." We understand the two terms to have the same meaning.

Thus, because the independent review of the charges was conducted on January 14, 2000, defendants fully complied with DOC Reg. 150–01 IV(E)(3)(a).

We acknowledge that another COPD provision states that the Notice of Charges "should contain the place, date and time of the incident, [and] *date of discovery*." DOC Reg. 150–01 IV(E)(3)(c)(2) (2001)(emphasis added). To the extent this provision appears inconsistent with the specific definition equating date of discovery with the date the Notice of Charges is signed, the specific definition prevails. *See generally Dewey v. Hardy*, 917 P.2d 305 (Colo.App.1995)(ordinarily, specific provision prevails over general provision).

In sum, we conclude that the district court erred in reversing plaintiff's disciplinary convictions based upon a determination that defendants failed to conduct a timely independent review of the charges.

## II.

Although the district court did not substantively address plaintiff's other asserted bases for reversal, because those issues are before us on appeal and do not require factual development in the district court, we address them in the interest of judicial efficiency. *See Ross v. Denver Dep't of Health & Hosps.*, 883 P.2d 516 (Colo.App.1994).

## A.

■ Plaintiff argued that the district court should overturn his disciplinary convictions because defendants failed to serve him with the Notice of Charges and conduct the administrative hearing in a timely manner. We disagree.

Plaintiff relies on DOC Reg. 150–01 IV(E)(3)(c)(1) and IV(E)(3)(f) (2001). Those sections provide, in pertinent part, that the accused inmate "should" receive a written notice of charges no later than six working days after the discovery of the alleged violation and that the hearing "should" be held no later than seven working days after the discovery of the alleged violation.

In *Washington v. Crowder*, 12 P.3d 857 (Colo.App.2000), a division of this court concluded that the term "should" in these sections means that the stated time periods are not mandatory. Thus, it held that the DOC's failure to adhere strictly to these times did not deprive the hearing officer of jurisdiction to render a decision in the matter.

We agree with the analysis and the conclusion in *Washington v. Crowder*. Furthermore, we are not persuaded any delay in the service or the hearing in this case justifies reversal of plaintiff's disciplinary convictions.

## B.

In his brief to the district court, plaintiff also argued that defendants violated his right to call witnesses and present testimony at the administrative hearing. We are not persuaded.

■ An inmate in a disciplinary hearing enjoys only the most basic due process rights. *See Washington v. Atherton*, 6 P.3d 346 (Colo.App.2000). Generally, the requirements of due process are satisfied in such a proceeding if an inmate is given written notice of the charge, an opportunity to call witnesses and present documentary evidence in his or her defense, and a written statement of the findings, the evidence relied upon, and the reasons for the disciplinary action. *Villa v. Gunter*, 862 P.2d 1033 (Colo. App.1993).

■ Here, based upon our review of the audiotape of the administrative hearing, we are satisfied that the hearing officer did not violate plaintiff's due process rights or his rights under the COPD. Plaintiff was provided a copy of the Notice of Charges by the initiating employee. That notice contained the initiating employee's name. The hearing

officer made all reasonable efforts to assist plaintiff in presenting his case. Specifically, the hearing officer allowed plaintiff to designate witnesses he wished to call, and plaintiff designated four witnesses, but did not designate the initiating employee. The hearing officer attempted to contact those witnesses, and afforded plaintiff extensive time and leeway in testifying on his own behalf. Furthermore, the hearing officer even continued the hearing twice to allow plaintiff additional time to identify a guard as a potential witness.

 At the administrative hearing, the hearing officer did refuse to allow plaintiff to call two witnesses. However, in both instances the hearing officer made findings to support those refusals. *See* DOC Reg. 150–01 IV(E)(3)(j)(1) (2001)(requiring hearing officer to indicate on the record the grounds for denying request to call a witness). Specifically, the hearing officer refused to allow one witness whose testimony at best would have constituted hearsay from an unknown declarant. The hearing officer also refused to allow plaintiff to call the initiating employee as a witness after noting that plaintiff had failed to name that witness ten days earlier on the initial hearing date and that the case had already been continued twice.

In sum, we are satisfied that the hearing officer provided plaintiff with an adequate opportunity to call witnesses and present evidence at the hearing.

### C.

Finally, insofar as plaintiff argued in the district court that there was insufficient evidence to support the hearing officer's findings of guilt, we reject that argument.

Review of a prison disciplinary decision is limited to whether prison officials exceeded their jurisdiction or abused their discretion. *Tebbetts v. Whitson,* 956 P.2d 639 (Colo.App.1997); *see* C.R.C.P. 106(a)(4)(I). Under this standard, the prison officials' decision must be upheld if there is "some evidence" in the record to support it. *Kodama*

*v. Johnson,* 786 P.2d 417 (Colo.1990); *Washington v. Crowder, supra.*

Based upon our review of the written administrative record and the hearing audiotape, including plaintiff's own testimony, we are satisfied that some evidence supports the hearing officer's decision. Consequently, we must uphold that decision. *See Kodama v. Johnson, supra.*

The district court's judgment is reversed, and the case is remanded for reinstatement of the hearing officer's determination of guilt and the penalty imposed.

METZGER and RULAND *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.