Clovis C. GREEN, Jr., Plaintiff–
Appellant,

v.

Paul NADEAU, Tim Chase, and Robert Furlong, Defendants–Appellees.

No. 02CA0212.

Colorado Court of Appeals,
Div. I.

Feb. 13, 2003.

Certiorari Denied May 19, 2003.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

Clovis C. Green, Jr., Pro Se.

Ken Salazar, Attorney General, Alisha M. Burris, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge GRAHAM.

Plaintiff, Clovis C. Green, Jr., appeals from the summary judgment in favor of defendants, Paul Nadeau, Tim Chase, and Robert Furlong. We affirm.

Plaintiff is an inmate at Sterling Correctional Facility (SCF), and defendants are employees of SCF. Plaintiff was placed in administrative segregation at Limon Correctional Facility (LCF) for violating the Code of Penal Discipline (COPD). He was later transferred to SCF, where he remained briefly in administrative segregation before being released to close supervision.

Plaintiff filed a complaint against defendants, in their individual capacities, alleging that they violated his due process rights by limiting his grievances to one per month and by placing him in administrative segregation. He also claims that they subjected him to cruel and unusual punishment while in administrative segregation. Defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. The trial court construed plaintiff's complaint under 42 U.S.C. § 1983 and granted summary judgment in favor of defendants.

## I.

Plaintiff contends that the trial court erred in rejecting his constitutional claims. We disagree.

Summary judgment is appropriate if the pleadings and supporting documents demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. The nonmoving party is entitled to the benefit of all favorable inferences that may be drawn from the undisputed facts, and all doubts as to the existence of a triable issue of fact must be resolved against the moving party. *Martini v. Smith,* 42 P.3d 629 (Colo.2002). We review de novo a trial court's order granting summary judgment. *Vail/Arrowhead, Inc. v. Dist. Court,* 954 P.2d 608 (Colo.1998).

To implicate due process protection for an inmate under § 1983, a prison must have engaged in an atypical and significant deprivation of a protected interest in relation to the ordinary incidents of prison life. *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

## A.

Plaintiff first contends that he was denied due process of law because he was limited to one grievance per month. We disagree.

Prison grievances do not give rise to a protected liberty interest requiring procedural due process protections. *Buckley v. Barlow,* 997 F.2d 494 (8th Cir.1993). An inmate's "right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."

*Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991).

Plaintiff has filed three lawsuits in Logan County District Court and has numerous other lawsuits pending in this state. Thus, the trial court correctly concluded that the undisputed facts demonstrate that the grievance restrictions did not affect plaintiff's access to the courts.

### B.

■ Plaintiff next contends that his original and continued assignment to administrative segregation violated due process of law and was unjustified, unnecessary, irrational, unreasonable, capricious, arbitrary, and an abuse of prison administrative discretion. We are not persuaded.

■ The supervision and management of the internal procedures of correctional institutions are within the discretion of institutional officials and not subject to judicial scrutiny absent exceptional circumstances. *People v. Rodriguez,* 914 P.2d 230 (Colo. 1996). Review of a prison disciplinary decision is limited to whether prison officials exceeded their jurisdiction or abused their discretion. *Woolsey v. Colo. Dep't of Corr.,* 66 P.3d 151, 2002 WL 31121093 (Colo.App. No. 01CA2013, Sept. 26, 2002); *Tebbetts v. Whitson,* 956 P.2d 639 (Colo.App.1997). Colorado provides judicial review of prison disciplinary actions pursuant to C.R.C.P. 106. *Mariani v. Colo. Dep't of Corr.,* 956 P.2d 625 (Colo.App.1997).

■ Classification decisions are within the discretion of the Department of Corrections, and a particular classification does not implicate any liberty interest protected by the Fourteenth Amendment Due Process Clause. *Deason v. Kautzky,* 786 P.2d 420 (Colo.1990); *Milligan v. Colo. Dep't of Corr.,* 751 P.2d 75 (Colo.App.1988). "Absent a state-created liberty interest, neither a change in a prisoner's security classification, nor a prisoner's transfer from one prison to another implicates a liberty interest within the meaning of the due process clause." *Klein v. Pyle,* 767 F.Supp. 215, 216 (D.Colo. 1991). Because an inmate does not have a liberty interest in maintaining any security classification or in the results of a classification decision, he or she does not have a liberty interest in the procedures by which that decision was reached. *James v. Reno,* 39 F.Supp.2d 37 (D.D.C.1999).

Here, plaintiff was placed in administrative segregation at LCF after an administrative hearing in which defendants were not involved. Plaintiff failed to seek review of that action in Lincoln County District Court under C.R.C.P. 106.

When plaintiff was transferred to SCF, the administrative segregation was continued because an executive assignment order mandated that placement. However, the COPD conviction subsequently was reversed at LCF, and SCF then released plaintiff to a close supervision status in the general population. The actions of SCF obviated any appeal of plaintiff's administrative segregation. Furthermore, plaintiff has not provided a record of any administrative proceedings.

Plaintiff has not presented any evidence to support a conclusion that his status was atypical or represented a significant deprivation, and therefore, summary judgment was properly granted.

### C.

■ We also reject plaintiff's contention that, because he was placed in administrative segregation, he was denied access to the prison law library and therefore denied access to the courts.

■ Prisoners do not shed all constitutional rights at the prison gate. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Jones v. N.C. Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125, 97 S.Ct. 2532, 2537, 53 L.Ed.2d 629, 638 (1977)(quoting *Price v. Johnston,* 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948)) *overruled on other grounds by McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

■ Due process does not require unlimited access to the law library, *Twyman v. Crisp*, 584 F.2d 352 (10th Cir.1978), and prison regulations do not create protected liberty interests. *Penrod v. Zavaras*, 94 F.3d 1399 (10th Cir.1996).

■ A system where legal materials are brought to the inmate is permissible unless the inmate can demonstrate that an actual injury has resulted from the procedure. *Turman v. Romer*, 729 F.Supp. 1276 (D.Colo.1990). To establish a constitutional violation, the inmate must demonstrate that shortcomings in the library or legal assistance program hindered his or her efforts to pursue a legal claim. *Penrod v. Zavaras, supra*.

Here, the record reflects that a legal assistant at the prison delivered legal materials to plaintiff, and he was allowed to receive up to ten cases and three book loans per week while he was in administrative segregation. Plaintiff's allegation that litigation involving his personal liberty was dismissed because he was denied access to the law library is not substantiated by anything other than a conclusory assertion. Because plaintiff did not submit any evidence demonstrating how the regulation affected his pending litigation, there is no genuine issue of material fact.

### D.

■ Plaintiff finally contends that administrative segregation constitutes cruel and unusual punishment because inmates in administrative segregation are not afforded the same privileges as inmates in the general population, including contact visits, unlimited phone calls, and outdoor exercise. We disagree.

■ Prison conditions violate the Eighth Amendment only if they result in the "wanton and unnecessary infliction of pain," are "grossly disproportionate to the severity of the crime," or result in an "unquestioned and serious deprivation of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).

■ There is no entitlement or constitutional right to contact visits. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989); *Block v. Rutherford*, 468 U.S. 576, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984). Denial of contact visits does not shock the conscience or deprive an inmate of a basic human need. *Rhodes v. Chapman, supra*.

■ Nor does a prisoner have the right to unlimited telephone use. *Benzel v. Grammer*, 869 F.2d 1105 (8th Cir.1989). Although inmates must be permitted telephone access to contact the courts and their attorneys under certain circumstances, they do not have a constitutional right to use the telephone for personal reasons. *Powell v. Colo. Pub. Utils. Comm'n*, 956 P.2d 608 (Colo.1998).

■ Finally, denial of outdoor exercise is not a per se Eighth Amendment violation. *Bailey v. Shillinger*, 828 F.2d 651 (10th Cir. 1987); *Caldwell v. Miller*, 790 F.2d 589 (7th Cir.1986). Although courts disagree on whether outdoor exercise is required, courts have upheld suspension of outdoor exercise for inmates housed in segregation because of misconduct. *Bass v. Perrin*, 170 F.3d 1312 (11th Cir.1999); *Termunde v. Cook*, 684 F.Supp. 255 (D.Utah 1988). *But see Spain v. Procunier*, 600 F.2d 189 (9th Cir.1979).

Here, the allegation that denial of outdoor exercise constituted cruel and unusual punishment is not substantiated by anything other than plaintiff's conclusory assertion. We therefore conclude that the denial to him of outdoor exercise, although harsh, did not violate the Eighth Amendment and is within the scope of reasonableness established by other cases. *See Bass v. Perrin, supra; Termunde v. Cook, supra*.

Here, viewing the asserted facts in the light most favorable to plaintiff, we are not persuaded that plaintiff is entitled to relief. None of the claims constitutes an atypical and significant deprivation in relation to the ordinary incidents of prison life. Thus, summary judgment was proper.

### II.

In view of our disposition, we do not address plaintiff's contention that defendants

are personally liable for the alleged violations of his constitutional rights.

Judgment affirmed.

Judge JONES and Judge VOGT concur.