183 P.3d 695 (2008)
Douglas T. BURNS, Plaintiff-Appellant,
v.
EXECUTIVE DIRECTOR, COLORADO DEPARTMENT OF CORRECTIONS; Broddus, Associate Warden; Bartruff, Associate Warden; Raymond Cole, Hearing Board Chairman; Susan Sanford, Initiating Employee; and Jacquelyn J. Higinbotham, Initiating Employee, Defendants-Appellees.
No. 07CA0461.
Colorado Court of Appeals, Div. III.
April 3, 2008.
*696 Douglas T. Burns, Pro Se.
John W. Suthers, Attorney General, Paul Sanzo, First Assistant Attorney General, Denver, Colorado, for Defendants-Appellees.
Opinion by Judge LOEB.
In this C.R.C.P. 106(a)(4) action, plaintiff, Douglas T. Burns, an inmate, appeals the district court judgment affirming his prison disciplinary convictions. We affirm.
Prison officials charged plaintiff with "Possession/Use of Dangerous Drugs" and "Advocating/Creating Facility Disruption," both Class II violations under the Department of Corrections (DOC) Code of Penal Discipline (COPD). The charges arose out of an incident in which plaintiff became seriously ill and had to be rushed to a local hospital and then airlifted to Denver for emergency medical treatment.
Following an administrative hearing, a hearing officer found plaintiff guilty of both charges. As part of the sanctions imposed, the hearing officer ordered plaintiff to pay restitution totaling $33,188.25, the cost of emergency transport and medical treatment.
Plaintiff filed an administrative appeal, which resulted in an affirmance of the hearing officer's decision. Plaintiff then commenced this C.R.C.P. 106(a)(4) action against defendants, all DOC employees, challenging the hearing officer's decision. After reviewing *697 the administrative record and the briefs submitted by the parties, the district court affirmed plaintiff's disciplinary convictions.

I.
Plaintiff contends that the hearing officer lacked jurisdiction because he was not qualified as an "administrative law judge" in accordance with section 24-30-1003, C.R.S. 2007, or the Colorado Constitution. We disagree.
Section 24-30-1003 is part of the Administrative Procedure Act (APA) and addresses the appointment, the qualifications, and the standards of conduct for administrative law judges under the APA. However, DOC disciplinary proceedings are neither conducted pursuant to, nor reviewable under, the APA. See § 17-1-111, C.R.S.2007; Crawford v. State, 895 P.2d 1156, 1158 (Colo.App.1995) (the trial court properly determined that APA review did not apply in prison disciplinary action); see also Reeves v. Colo. Dep't of Corr., 155 P.3d 648, 651 (Colo.App.2007) (absent statutory or constitutional violation, courts generally do not intervene in matters of prison administration and defer to the DOC in the management of penal institutions). Additionally, plaintiff has provided no persuasive authority that the constitutional provisions he cites apply to hearing officers or hearing boards in prison disciplinary proceedings.
We note that the DOC has implemented its own specific regulation setting forth the requirements to serve as a hearing officer or on a hearing board in a prison disciplinary action. See Dep't of Corr. Reg. No. 150-01(IV)(E)(1)(b) (2005). Nothing in the record indicates that the hearing officer who decided plaintiff's case was not properly qualified under this regulation or that he otherwise lacked authority to hear the matter.

II.
Plaintiff next contends that the district court erred when it concluded there was sufficient evidence to support the charge of "Possession/Use of Dangerous Drugs." We disagree.
When considering a challenge to the sufficiency of evidence supporting a prison disciplinary decision, a reviewing court must uphold the decision if it is supported by "some evidence" in the record. See Gallegos v. Garcia, 155 P.3d 405, 406 (Colo.App.2006); see also Woolsey v. Colo. Dep't of Corr., 66 P.3d 151, 155 (Colo.App.2002).
Here, the record contains some evidence to support the hearing officer's decision. An incident report stated that a DOC employee overheard plaintiff informing emergency room staff that he had taken heroin. Another incident report indicated that when plaintiff was asked whether he had taken any drugs, he responded, "I don't know," and that when he was later asked if someone else could have given him drugs, he responded, "I don't know . . . maybe . . . maybe heroin."
At the hearing, plaintiff acknowledged that he "was high on drugs" during the incident and that he suspected the drug was heroin, but he argued that his ingestion of it was not volitional and that someone had planted the drug in food he had eaten. However, the DOC officer presenting the case indicated that he found no evidence that anyone had attempted to drug or poison plaintiff.
Plaintiff argues that his admission of drug use contained in the DOC reports should have been excluded as confidential information regarding medical treatment. However, contrary to his assertion in his opening brief, plaintiff did not seek to exclude the admissions in these reports at the hearing, on the ground of confidentiality or otherwise. Indeed, he relied on one of the reports to support his claim that someone had attempted to drug him. Under these circumstances, plaintiff waived any right to raise this argument on review. See Higgins v. Colo. Dep't of Corr., 876 P.2d 124, 126 (Colo.App.1994).
Alternatively, any error in not excluding these statements was harmless in light of plaintiff's repeated admission at the hearing that he was "high" during the incident and that he believed the offending drug was heroin.
*698 Plaintiff also notes that a particular substance he saved, and which he claimed had been planted in his food to intoxicate him, ultimately tested negative for drugs. However, even if this is true, there was still "some evidence" of plaintiff's drug use, and, thus, we are not persuaded that this test result undermines, or leaves without any support, the hearing officer's findings regarding plaintiff's drug use.
Because we are satisfied that there is some evidence in the record to support the hearing officer's decision, we conclude that the district court properly declined to disturb that decision on review. See Woolsey, 66 P.3d at 155.

III.
Plaintiff next contends that the hearing board abused its discretion or exceeded its authority in imposing the restitution sanction. We disagree.

A.
Plaintiff contends that the restitution sanction violated his due process rights. We are not persuaded.
First, plaintiff was on notice, through the COPD itself, that officials could impose restitution as a sanction for a disciplinary violation. Indeed, at the time of the incident and plaintiff's hearing, the COPD provided that "[r]estitution may be ordered on any charge for the value of service or property." See Dep't of Corr. Reg. No. 150-01(IV)(E)(3)(p) (2005). It further provided that "[m]onetary restitution, if imposed as a sanction, should be specified and should be equal to an amount up to, but not exceeding, the cost of any damaged or stolen property or service." See id. Contrary to plaintiff's contention, we find nothing vague or unclear about this language.
Additionally, the notice of charges informed plaintiff of both the officials' plan to seek restitution as a sanction and the amount of restitution being sought. Finally, plaintiff received an opportunity at the hearing to challenge the sanction and its amount.
Under these circumstances, we conclude that prison officials did not violate plaintiff's due process rights. See Burlett v. Holden, 835 P.2d 989, 991 (Utah Ct.App.1992)(restitution order in disciplinary proceeding for costs of transport to medical facility did not violate inmate's due process rights where inmate was afforded an administrative hearing before order was imposed); see also Anderson v. Horn, 723 A.2d 254, 256 (Pa. Commw.Ct.1998) (restitution order for medical expenses arising from inmate's fighting did not deprive inmate of due process where inmate was provided with hearing to determine costs incurred as result of misconduct).
Finally, although the DOC has an obligation to see that plaintiff receives needed medical care, we are not persuaded that it is constitutionally precluded from recovering restitution for medical expenses arising from plaintiff's disciplinary infractions. See Negron v. Gillespie, 111 P.3d 556, 558 (Colo.App. 2005) ("As long as the state meets an inmate's serious medical needs, each state may determine whether a governmental entity or an inmate must pay the cost of medical services provided to the inmate."); see also Martin v. Debruyn, 880 F.Supp. 610, 615 (N.D.Ind.1995)(Eighth Amendment guarantees only that states will not ignore an inmate's serious medical needs; it does not guarantee free medical care), aff'd, 116 F.3d 1482 (7th Cir.1997).

B.
Plaintiff also asserts that an insurance company paid his medical bills and that the DOC is being unjustly enriched by the restitution sanction. However, the record does not indicate the extent, if any, to which an insurance company paid plaintiff's medical bills, and there is nothing in the record indicating that the DOC received a reduced rate on the medical services which was somehow not reflected by the billing statements. Moreover, the charges described in the medical bills are consistent with the disciplinary officer's testimony concerning the amounts incurred for medical and transport services performed for plaintiff. In that regard, the officer testified that the DOC was seeking the amounts set forth in the billing statements *699 as "restitution for medical costs" incurred as a result of plaintiff's actions.
Because there is some evidence in the record to support the hearing board's decision regarding the amount of restitution ordered, we decline to disturb it on review. See Woolsey, 66 P.3d at 155.

C.
We also disagree with plaintiff's contention that the COPD section authorizing restitution violates the provision against ex post facto laws or is an improper bill of attainder.
An ex post facto law is one which proscribes and subjects to punishment conduct committed before its enactment, or which increases the punishment for conduct already proscribed but committed before its enactment. See Kourlis v. Port, 18 P.3d 770, 775 (Colo.App.2000). Here, there is nothing in the record to indicate that prison officials applied the COPD restitution provision retroactively or retrospectively to the events underlying the disciplinary charge.
A bill of attainder is a legislative enactment imposing criminal punishment without the benefit of a trial on a named individual or a readily identifiable group of individuals. See id. Because the COPD provision authorizes restitution as a sanction and does not impose a criminal penalty, it is not a bill of attainder. See Casteel v. Kolb, 176 Wis.2d 440, 500 N.W.2d 400, 404 (App.1993)(administrative regulations authorizing disciplinary sanctions for prison rule violations were not within the constitutional prohibitions against bills of attainder).

D.
Plaintiff also asserts that the COPD's authorization of restitution violates the consent decree entered in Marioneaux v. Colorado State Penitentiary, 465 F.Supp. 1245 (D.Colo.1979).
State courts have no jurisdiction over claims that the DOC violated the Marioneaux consent decree, and all claims to enforce the terms of that decree must be brought in federal court. See Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir.1996). Thus, plaintiff's arguments alleging violations of the Marioneaux consent decree provide no basis for reversal of the district court judgment in this case.
The judgment is affirmed.
Judge TAUBMAN and Judge HAWTHORNE concur.